**Charles A. HALLMARK, Appellant,**

v.

**Don E. HAND, and Greenwood Properties, Inc., Appellees.**

No. 08–93–00251–CV.

Court of Appeals of Texas,
El Paso.

June 16, 1994.

Rehearing Overruled July 20, 1994.

Edwin I. McKellar, Jr., Houston, for appellant.

Tom Alexander, Kevin J. McEvily, Alexander & McEvily, P. Andrew McStay, Andrew McStay & Associates, Houston, for appellees.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a take-nothing judgment rendered against Charles A. Hallmark, Appellant, following a trial alleging breach of contract, negligence, and breach of the duty of good faith and fair dealing. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

At all times relevant, Don E. Hand, Appellee, and one other individual had been the shareholders of Chasewood Bank, located in Houston, Texas. Hand was the largest shareholder of Chasewood, as well as its chairman of the board, a member of the executive committee, the stock voting and restriction committee, and the loan committee of the Bank. In addition, Hand was also the sole shareholder, president, chief operating officer, and chairman of the board of Greenwood Properties, Inc. The record in the instant case shows that on August 19, 1986, a discussion took place wherein Appellant had indicated that he was desirous of selling his shares in the bank to Hand. Appellant purportedly needed to obtain funds in order to liquidate certain debts owed to Allied Champions Bank. Under a stock restriction agreement, Appellant was required to advise the stock voting and restriction committee, of which Hand was a member, that he had a need or desire to sell his stock. Pursuant to an earlier conversation, a document was executed by the parties. The document is attached as an appendix.[1]

At an annual meeting conducted that same day, the shareholders authorized the issuance of preemptive shares. On September 17, 1986, Hand filed his application with the Texas Department of Banking seeking authorization for the purchase of stock that would give him a majority ownership. The Department of Banking granted approval on September 29, 1986. Subsequently, Appellant made demand, and Hand refused to purchase Appellant's shares. Appellant nonetheless made periodic payments on his debt to Allied Champions Bank, but eventually found it necessary to file bankruptcy. Thereafter, Appellant brought this action against Hand alleging breach of contract, negligence, and breach of the duty of good faith and fair dealing.

## II. PROCEDURAL HISTORY

The initial trial was held to the court, wherein a take-nothing judgment was entered against Appellant. The trial court entered findings of facts and conclusions of law, and Appellant appealed. The Thirteenth District Court of Appeals in Corpus Christi reversed the judgment of the trial court and remanded the cause for a new trial. *Hall-*

---

1. The appendix reflects that the word "ten" was crossed out and replaced by the scripted "30."

The record reflects that the change was initialed by both Appellant and Hand.

*mark v. Hand,* 833 S.W.2d 603, 612 (Tex. App.—Corpus Christi 1992, writ denied). On remand, the case was tried to a jury and likewise ended in a take-nothing judgment. Appellant once again appeals raising eighteen points of error. In general, he complains that the trial court failed to apply the law of the case established by the Thirteenth District Court of Appeals, that the evidence established that he and Appellant entered into a contractual agreement for the sale of Chasewood stock, that the trial court's award of attorneys' fees was manifestly unjust, that the trial court erred in failing to submit specific questions, definitions and instructions, that the trial court erroneously failed to allow the admission of evidence of mental anguish suffered by Appellant, and the trial court erred in limiting the amount of interest damages as a matter of law. In a single cross-point, Hand asserts that the trial court erred in finding that should liability for a breach of contract be found, Appellant would be entitled to damages resulting from interest paid on specified loans or notes.

## III. *DISCUSSION*

### A. Standards of Review

#### 1. Law of the Case

■ "The law of the case" is a doctrine which mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings of the same case. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Aycock v. State,* 863 S.W.2d 183, 187 (Tex.App.—Houston [14th Dist.] 1993, writ ref'd). Matters of law that were disposed of on a former appeal will not again be decided by the court. *Id.* The doctrine does not apply to questions of fact, only questions of law. *Thomas v. Collins,* 860 S.W.2d 500, 502 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The significance of the doctrine is its usefulness in achieving uniformity of decision as well as judicial economy and efficiency. *Thomas,* 860 S.W.2d at 500; *J.O. Lockridge Gen. Contractors, Inc. v. Morgan,* 848 S.W.2d 248 (Tex. App.—Dallas 1993, writ denied). The doctrine does not apply if the issues and facts

are not substantially the same in the subsequent trial. *Med Center Bank v. Fleetwood,* 854 S.W.2d 278 (Tex.App.—Austin 1993, writ denied). It is for that reason that trial courts enjoy limited discretion in applying the doctrine according to the specific circumstances. *Governing Board v. Pannill,* 659 S.W.2d 670, 680–81 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.).

#### 2. Sufficiency of the Evidence

■ In considering a "no evidence" legal insufficiency point, we consider only the evidence that tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). If there is more than a scintilla of evidence to support the questioned finding, the "no evidence" point fails. *Mexico's Industries v. Banco Mexico Somex,* 858 S.W.2d 577, 580–81 (Tex.App.—El Paso 1993, writ denied); *United States Fire Ins. Co. v. Ramos,* 863 S.W.2d 534, 538 (Tex. App.—El Paso 1993, writ denied).

■ A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Oechsner v. Ameritrust Texas, N.A.,* 840 S.W.2d 131, 136 (Tex. App.—El Paso 1992, writ denied); *Chandler v. Chandler,* 842 S.W.2d 829, 832–33 (Tex. App.—El Paso 1992, writ denied). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Oechsner,* 840 S.W.2d at 136; *Chandler,* 842 S.W.2d at 833. It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947); *Oechsner,* 840 S.W.2d at 136; *Chandler,* 842 S.W.2d at 833.

### 3. Abuse of Discretion

██ The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Amador v. Tan,* 855 S.W.2d 131, 133 (Tex.App.—El Paso 1993, writ denied). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer,* 701 S.W.2d at 242, *citing Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Amador,* 855 S.W.2d at 133. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 242, *citing Southwestern Bell Tel. Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965). A mere error of judgment is not an abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

### B. Analysis

#### 1. Breach of Contract

In Points of Error Nos. One, Two, Four, Six, Eight, Ten, Eleven, and Twelve, Appellant asserts that the trial court erred by failing to follow the law of the case established by the Thirteenth District Court of Appeals on the first appeal of the instant case, that the trial court erred in submitting jury questions that constituted a relitigation of matters purportedly controlled by such law of the case, and that the trial court erred in overruling his motions for instructed verdict, for judgment *non obstante veredicto,* and for new trial.

██ Appellant contends that the Thirteenth District Court of Appeals, in reviewing the initial appeal, made specific legal findings that the trial court, on retrial, was required to follow. It is those legal findings that Appellant states constitute the law of the case. Relying on Hatchell, *The Doctrine of "Law of the Case",* Appellate Procedure in Texas, Second Edition, Sec. 21 *et seq.,* State Bar of Texas (1993), Appellant correctly describes the doctrine of the law of the case as a principle by which questions of law previously announced by an appellate court will be held to govern matters throughout subsequent proceedings, assuming that the same parties, issues, and evidence are involved. Appellant argues that our sister Court in Corpus Christi concluded that the document dated August 19, 1986, was a contract by which Appellant agreed to sell his stock to Hand, who contracted to purchase the stock within thirty days of approval by regulatory authorities, and thus the trial court, in the retrial, was foreclosed from submitting these matters to the jury. Appellees Hand and Greenwood counter with their argument that since substantially different facts were introduced in the second trial, the trial court was not bound by the law of the case, as announced by the Corpus Christi Court.

██ In *Hudson v. Wakefield,* 711 S.W.2d 628 (Tex.1986), the Supreme Court in reaffirming the doctrine as stated above, noted that facts or issues may substantially change when pleadings are amended. *Id.* at 630. As we are directed to no amendments and are convinced that a rule that allows a party to escape the strictures of legal conclusions made by an appellate court by simply submitting new documents or eliciting testimony from new witnesses would run contra to the purposes of the law of the case doctrine, we disagree with Appellees' contention. *See Thomas,* 860 S.W.2d at 502; *J.O. Lockridge Gen. Contractors, Inc.,* 848 S.W.2d at 250. Nonetheless, an examination of the Thirteenth Court's opinion discourages us from applying the law of the case doctrine in the case *sub judice.* Specifically, the Thirteenth Court, while concluding that the parties had entered into a contract, explained that "some evidence" precluded sustaining Appellant's no evidence points, although "the findings of fact ... are so against the great weight and preponderance of the evidence that they are manifestly unjust," and therefore "[t]he judgment of the trial court is reversed and the cause is remanded to the trial court for a new trial." *Hallmark,* 833 S.W.2d at 611–12. As Appellees note, the Court remanded the case without providing any instructions, thus

the case stands on the docket as if it had not been previously tried. *See Winfield v. Daggett*, 846 S.W.2d 920 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *Berryman v. El Paso Natural Gas Co.*, 838 S.W.2d 610, 614 (Tex.App.—Corpus Christi 1992), *rev'd on other grounds*, 858 S.W.2d 362 (Tex.1993). Specifically, the law of the case doctrine only applies to legal questions, and not questions of fact. *See Thomas*, 860 S.W.2d at 502; *Hudson*, 711 S.W.2d at 630; *Barrows v. Ezer*, 624 S.W.2d 613, 617 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Kropp v. Prather*, 526 S.W.2d 283, 285 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). We note that the Thirteenth District Court of Appeals, in an exercise of judicial restraint, definitively refrained from making legal findings, thus we find the doctrine of the law of the case to be inapplicable. *See Hallmark*, 833 S.W.2d at 611. Accordingly, Appellant's Point of Error No. One, which asserts error in the trial court failing to follow the law of the case, is overruled. Points of Error Nos. Two, Four, Six, and Eight, each of which assert error in the submission of jury questions that purportedly relate to a relitigation of matters controlled by the law of the case are overruled. Points of Error Nos. Ten, Eleven, and Twelve that complain of the trial court's overruling of his motions for instructed verdict for judgment *non obstante veredicto* and for new trial as those motions related to a relitigation of matters controlled by the law of the case are likewise overruled.

■ In Points of Error Nos. Three, Five, Seven, Nine, Ten, Eleven, and Twelve, Appellant asserts that the trial court erred in entering judgment on the verdict insofar as the jury's findings were so against the great weight and preponderance of the evidence as to be manifestly unjust. Specifically, Appellant challenges the legal and factual sufficiency of the evidence with regard to jury questions that inquired whether Hand or Greenwood Properties expressly or impliedly contracted to purchase Appellant's 57,892 shares. As noted earlier, when a claim is made that the matter was proved as a matter of law, the proper standard of review requires us to consider only that evidence that tends to support the jury's findings and disregard all evidence and inferences to the

contrary. *Garza*, 395 S.W.2d at 821. In the instant case, if there is more than a scintilla of evidence to support the jury finding that the parties **did not** expressly or impliedly agree that Don Hand or Greenwood Properties would purchase the 57,892 shares, Appellant's "no evidence" point fails. *Mexico's Industries v. Banco Mexico Somex*, 858 S.W.2d at 580–81; *United States Fire Ins. Co. v. Ramos*, 863 S.W.2d at 538. A factual insufficiency point on the other hand, requires us to examine all of the evidence. We are to sustain the point only if the contested finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d at 660; *Oechsner*, 840 S.W.2d at 136; *Chandler*, 842 S.W.2d at 832–33.

■ At the outset, we examine the entire record for evidence that would tend to prove that Hand did not enter into an enforceable contract. Hand contends that the August 19, 1986 document merely reduced to writing Appellant's offer to sell. A binding contract exists when each of the following elements are established:

(1) an offer;

(2) acceptance in strict compliance with terms of the offer;

(3) a meeting of the minds;

(4) a communication that each party has consented to the terms of the agreement; and

(5) execution and delivery of the contract with an intent that it become mutual and binding on both parties.

*McCulley Fine Arts Gallery, Inc. v. "X" Partners*, 860 S.W.2d 473, 477 (Tex.App.—El Paso 1993, no writ), *citing Garcia v. Villarreal*, 478 S.W.2d 830, 832 (Tex.Civ.App.—Corpus Christi 1971, no writ). The above well-established elements of a contract are the same whether the contract is implied or express. *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 540 (Tex.App.—Corpus Christi 1993, writ filed). Where the element pertaining as to whether or not there was meeting of the minds is contested, determination of the existence of a contract is a question of fact. *Runnells v. Firestone*, 746 S.W.2d 845, 849 (Tex.App.—Houston [14th

Dist.] 1988), *writ denied per curiam,* 760 S.W.2d 240 (Tex.1988); *see also Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.,* 480 S.W.2d 607, 610 (Tex. 1972).

■ In the instant case, the trial court submitted the issue of whether there was a meeting of the minds to the jury. Objective, rather than subjective, criteria determine whether there was such a meeting of the minds. *Argonaut Ins. Co.,* 869 S.W.2d at 540. While the document in the present case contains internal references to a contractual agreement, the language of the document identifies, not plural promisors, but a single promisor, i.e., "I hereby contractually agree to sell [my shares of Chasewood stock]," signed by Appellant. Hand signed only as one "accepting" the contract, and as an assignor of the contract. We recognize that "although a contract by its terms may appear to be obligatory on one party only, nevertheless if it is clear that it was the intention of the parties[,] the obligation [of the other party] will be implied and the contract held to be mutual." *See Hallmark,* 833 S.W.2d at 607 *quoting* 14 Tex.Jur.3d *Contracts* § 135. Extrinsic evidence of intent included testimony by Hand that he did not agree to purchase Appellant's shares, but that the document in question represented Appellant's offer to sell, and that he, Hand, would try to find someone to buy the shares. Thus, the record contains direct evidence to the effect that Hand did not intend to obligate himself to purchase Appellant's stock. Under those circumstances, the jury's verdict on such issues is generally regarded as conclusive. *Montgomery Ward & Co.,* 146 Tex. 153, 204 S.W.2d at 508. Accordingly, we find that the trial court did not err in failing to find the existence of a contract, whether express or implied, as a matter of law.

In addressing Appellant's factual insufficiency points, we go beyond that evidence supporting the findings below and instead examine all of the evidence to determine whether the contested finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. Once again, we are asked to determine whether the jury's finding that the parties did not expressly or impliedly agree in the August 19, 1986 document that Hand or Greenwood Properties would purchase the shares is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *See id.* Since we cannot substitute our conclusions for those of the jury, if there is sufficient competent evidence of probative force to support the finding, it will be sustained. *Oechsner,* 840 S.W.2d at 136; *Chandler,* 842 S.W.2d at 832–33.

The record establishes that Appellant testified that he and Hand entered into a contract, which was reduced to writing on August 19, 1986, to exchange Appellant's shares in Chasewood for $3.85 per share, and that he "understood" that Hand was to remit the money after obtaining banking department approval. Nonetheless, we do not believe that the jury's finding, based on Hand's evidence set out hereinabove, is against the great weight and preponderance of the evidence so as to be manifestly unjust.

Finding no basis for affirming Appellant's legal and factual sufficiency points with regard to express or implied contracts, we overrule Appellant's Points of Error Nos. Three, Five, Seven, and Nine to the extent that each challenges the sufficiency of the evidence. We overrule Appellant's Points of Error Nos. Ten, Eleven, and Twelve to the extent Appellant's motions for instructed verdict, for judgment *non obstante veredicto,* and for new trial raise those identical concerns. Additionally, we overrule Points of Error Nos. Six and Seven to the extent that those points challenge the legal and factual insufficiency of the jury's finding that neither Hand nor Greenwood failed to comply with implied or express agreements without reasonable excuse.

In Points of Error Nos. Eight and Nine, Appellant complains of the trial court's submission of a jury question that was impliedly predicated on questions that were controlled by such law of the case, and further that the jury's finding to such question was so against the great weight and preponderance of the evidence as to be manifestly unjust. Specifically, Appellant challenges the legal and factual sufficiency of the evidence to support the jury's finding that Appellant suffered "0.00"

478

damages as a result of the non-compliance with the contract. Having earlier found that no contractual obligation existed, we need not address these issues and overrule Points of Error Nos. Eight and Nine. Additionally, we overrule Appellant's Points of Error Nos. Ten, Eleven, and Twelve to the extent Appellant's motions for instructed verdict, for judgment *non obstante veredicto,* and for new trial raise those identical concerns.

## 2. Attorneys' Fees

■ Point of Error No. Thirteen, Appellant contends that the findings of the trial court on the issue of attorneys' fees was so against the great weight and preponderance of the evidence as to be manifestly unjust. Specifically, Appellant attacks the trial court's finding that reasonable attorneys' fees for the prosecution of the case are $58,-000, is impliedly founded on the contention that if we find for Appellant on the underlying substantive actions, including the contract action discussed above and the action for breach of duty of good faith, he, as the successful party, is entitled to reasonable attorneys' fees. Appellant's contentions are rendered moot by our holding that the trial court's take-nothing judgment should be affirmed. Nonetheless, we have considered only the evidence that tends to support the questioned finding, disregarding all evidence and inferences to the contrary. In so doing, we find that there is more than a scintilla of evidence to support the trial court's finding as to attorneys' fees. Additionally, we have examined all of the evidence and have determined that the trial court's finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's Point of Error No. Thirteen is overruled.

## 3. Breach of Duty of Good Faith

In Point of Error No. Fourteen, Appellant complains that the trial court erred in refusing to submit tendered jury questions in support of his cause of action for breach of the duty of good faith. As noted earlier, the test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. *Downer,* 701 S.W.2d at 241–42; *Amador,* 855 S.W.2d at 133.

■ Appellees contend that the question of whether Hand failed to act in good faith was not submitted to the jury since, as a matter of law, Hand owed Appellant no duty of good faith. A duty of good faith has continuously been recognized in Texas under circumstances where certain relationships have been found to exist between the parties. *See Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987) (insurer-insured); *Amoco Prod. Co. v. Alexander,* 622 S.W.2d 563 (Tex.1981) (gas well operator-royalty owner); *Kinzbach Tool Co. v. Corbett–Wallace Corp.,* 138 Tex. 565, 160 S.W.2d 509, 513 (1942) (principle-agent); *Johnson v. Peckham,* 132 Tex. 148, 120 S.W.2d 786, 787 (1938) (partners). The Texas Supreme Court has held that in the insurance context a special relationship arises out of the parties' unequal bargaining power and as a result of the exclusivity of control possessed by the insurer over the processing of claims. *See Arnold,* 725 S.W.2d at 165; *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210 (Tex.1988). The same rationale is used outside the insurance context, with courts finding that "special relationships" require unequal bargaining power and the power of one party to take undue advantage of the other. *See Affiliated Capital Corp. v. Southwest, Inc.,* 862 S.W.2d 30, 34 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Not all relationships will give rise to the duty. *See Adolph Coors Co. v. Rodriguez,* 780 S.W.2d 477, 481 (Tex.App.—Corpus Christi 1989, writ denied) (supplier-distributor); *Lovell v. Western Nat'l Life Ins. Co.,* 754 S.W.2d 298, 303 (Tex.App.—Amarillo 1988, writ denied) (mortgagor-mortgagee); *FDIC v. Coleman,* 795 S.W.2d 706, 709 (Tex.1990) (creditor-guarantor); *Nance v. Resolution Trust Corp.,* 803 S.W.2d 323, 333 (Tex.App.—San Antonio 1990), *writ denied per curiam,* 813 S.W.2d 154 (1991) (lender-borrower); *Crim Truck & Tractor v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 596 (Tex.1992) (franchisee-franchisor). Nevertheless, Appellant contends that the facts in the case *sub judice* give rise to a "special relationship." Appellant's argument

also includes a reference to the Texas Business and Commerce Code's provision that recognizes that contracts involving the sale of investment securities, such as bank stock, contain an implied obligation of good faith. As noted above, having found that the evidence fails to establish that the jury erred in finding that no contract was entered into by the parties, we need not address this contention. TEX.BUS. & COM.CODE ANN. § 8.107.

The record in the instant case shows that Appellant and Hand were both co-owners of Chasewood Bank. Appellant, as a shareholder, was required to obtain the approval of the stock voting and restriction committee, of which Hand was a representative, prior to any sale of his shares. Appellant had experience in the banking business, accounting, and investing. Examining the roles of both parties, we find none of the characteristics of a "special relationship," in the context of the events in this case as Appellant has not alleged that Hand used his power to prevent the stock voting and restriction committee from issuing its approval. Appellant, nevertheless, attempts to convince us that he has proven that the relationship of the parties was also characterized by Hand's power to obtain the approval of regulatory officials and the lack of marketability of the shares. We find such approval power to be irrelevant since we have previously found that no enforceable contract existed. Further, we note that the marketability of the shares was the subject of controverting evidence, not established as a matter of law. We, therefore, find Hand owed Appellant no such duty, and we overrule Point of Error No. Fourteen.

### 4. Jury Questions

In Point of Error No. Fifteen, Appellant complains that the trial court erred in refusing to submit two tendered questions in support of his claim for recovery of the purchase price pursuant to TEX.BUS. & COM.CODE ANN. § 8.107(b). Specifically, the questions would have required the jury to determine whether there existed a readily available market for the resale of the stock and whether a resale would have been unduly burdensome. We find that the language of the tendered questions fairly tracks that found in

a remedy section of the Uniform Commercial Code. TEX.BUS. & COM.CODE ANN. § 8.107(b) (Vernon 1991). Section 8.107(b) establishes that if one contracting to purchase securities fails to pay, the seller may recover, *inter alia,* the price of the securities if "efforts at their resale would be unduly burdensome or if there is no readily available market for their resale." *Id.* Hand contends that the parameters of Section 8.107(b) have been met in the "broad form submission" question given the jury, which required it to determine damages, if any, "resulting" from a failure to comply. We disagree. Section 8.107(b) specifies that, had an agreement been breached, the price of the securities was to be paid if either one of the two tests had been met. Consequently, we find that the trial court was unjustified in refusing to submit these questions to the jury. Nonetheless, in order to find reversible error, we must find (1) an error on the part of the trial court, and (2) that the error was reasonably calculated to cause and did cause the rendition of an improper judgment. *Gee v. Liberty Mut. Life Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989); TEX.R.APP.P. 81(b). Since the trial court committed no error in entering the take-nothing judgment, we hold harmless any error in failing to submit questions regarding the proper assessment of damages. Appellant's Point of Error No. Fifteen is sustained, however, we find such error to be harmless. TEX.R.APP.P. 81(b).

### 5. Negligence

In Points of Error Nos. Ten, Eleven, Twelve, and Sixteen, Appellant complains of the trial court's refusal to submit tendered jury questions, definitions, and instructions in support of his negligence cause of action and to its overruling of his motions for instructed verdict, for judgment *non obstante veredicto,* and for new trial as those motions related to his negligence cause of action. In *Montgomery Ward & Co.,* 146 Tex. 153, 204 S.W.2d at 508, the Supreme Court stated that accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as breach of

contract. *Id.* at 510. However, no tort action arises if the injury is only the economic loss to the subject of the contract itself. *Adolph Coors Co.*, 780 S.W.2d at 485. In that regard, the identification of the injuries or losses is an instructive method for ascertaining which duties were breached. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). *See also Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex.1991). If the allegations rest upon a breach of a duty, express or implied, arising from the contract, the action sounds in contract. On the other hand, if the allegations rest upon a breach of a duty established by law, a negligence action is established. *Bernard Johnson, Inc. v. Continental Constructors, Inc.*, 630 S.W.2d 365, 368 (Tex.App.— Austin 1982, writ ref'd n.r.e.); *See also Southwestern Bell Tel. Co.*, 809 S.W.2d at 496 (Gonzalez, concurring). For it is the substance of the cause of action, not the manner in which it was pled, that the courts are to analyze in determining whether an action is one in contract or tort or both. *Jim Walter Homes, Inc.*, 711 S.W.2d at 618; *Rector v. Orange Rice Mill Co.*, 100 Tex. 591, 102 S.W. 402, 403 (1907).

Appellant claims that Hand breached duties imposed by the Texas Banking Code, i.e., the duty to prepare and file an application for review by the Banking Commissioner, as well as those duties imposed pursuant to the Texas Business and Commerce Code, i.e., the duty of good faith in all securities transactions.[2] We find that Banking Code art. 342–401a's mandate that no person acquiring voting securities of a state bank if after the acquisition that person would have power to vote 25 percent or more of the voting securities, without first filing an application with the Banking Commission, is not at issue in the present case. Appellant's

complaint has consistently revolved around the allegation that implied in the alleged agreement of August 19, 1986, Hand was to seek Banking Commission approval before the expiration of thirty days, if possible. And Appellant's negligence action has been premised on the timing of Hand's application submission, an aspect of the transaction not addressed by Article 342–401a. *See* TEX.BANKING CODE ANN. art. 342–401a (Vernon Supp.1994). Additionally, Appellant's reliance on Section 1.203 of the Business and Commerce Code is similarly misplaced. Appellant sought jury submission on a negligence cause of action, while the referenced section speaks of a duty of fair dealing. TEX. BUS. & COM.CODE ANN. § 1.203 (Vernon 1991). The failure to act in good faith under Section 1.203 does not state an independent cause of action. *Central Sav. & Loan Ass'n v. Stemmons Northwest Bank, N.A.*, 848 S.W.2d 232, 239 (Tex.App.—Dallas 1992, no writ); *Adolph Coors Co.*, 780 S.W.2d at 482. A breach of this implied duty under the code gives rise only to a cause of action for breach of contract. *Id.; see also Adolph Coors Co.*, 780 S.W.2d at 482. Moreover, we note that Appellant provides us with no authority to substantiate the requested instruction's exegesis that "[t]he common law duty to perform with care and skill accompanies every contract and the negligent failure to meet this implied standard is a basis for recovery in tort." Thus, there exists no legal basis on which a negligence cause of action may be based, and the trial court did not err in refusing to submit the negligence questions and instructions to the jury. And, as with most of Appellant's other points, we further note that he fails to show, where no contract was formed, how the trial court's error was "reasonably calculated to cause and probably did cause rendition of an improper judg-

---

2. TEX.BANKING CODE ANN art. 342–401a (Vernon Supp.1994) provides in pertinent part as follows:

 Article 342–401a. Transfer of Stock—Review by Banking Commissioner

 A. No person may acquire any voting security of a state bank or of any corporation or other entity owning voting securities of a state bank if, after the acquisition, the person would own or possess the power to vote twenty-five per cent (25%) or more of the voting securities of the bank nor may any person acquire an

equivalent interest in a private bank unless an application is filed with the Banking Commissioner for his review of the proposed transaction and for his action, if any, as provided in this Article.

TEX.BUS. & COM.CODE ANN. § 1.203 (Vernon 1991) provides in its entirety as follows:

Section 1.203. Obligation of Good Faith

 Every contract or duty within this title imposes an obligation of good faith in its performance or enforcement.

ment." *See* Tex.R.App.P. 81(b). Consequently, we overrule Appellant's Points of Error Nos. Ten, Eleven, and Twelve to the extent that those points relate to allegations of error in the trial court's overruling of his motions for instructed verdict for judgment *non obstante veredicto,* and for new trial as those motions pertain to his negligence cause of action. Additionally, Point of Error No. Sixteen is overruled.

### 6. Mental Anguish Evidence

In Point of Error No. Seventeen, Appellant complains of the trial court's refusal to admit evidence of his mental anguish, offered in the form of his bill of exceptions.

 In a breach of contract suit, damages are limited to the actual damages that are the natural, probable, and foreseeable consequence of the defendant's breach. *Mead v. Johnson Group, Inc.,* 615 S.W.2d 685, 687 (Tex.1981). However, mental anguish damages are not recoverable in a cause of action for breach of contract nor in a tort action arising from a contractual breach. *Myrtle Springs Reverted Indep. Sch. Dist. v. Hogan,* 705 S.W.2d 707, 710 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1350, 94 L.Ed.2d 520 (1987); *Otten v. Snowden,* 550 S.W.2d 758, 759–60 (Tex.App.—San Antonio 1977, no writ). *See also City of Dallas v. Brown,* 150 S.W.2d 129, 131 (Tex.Civ.App.—Dallas 1941, writ dism'd). Additionally, having previously found that the trial court did not err in holding that Appellant's allegations limited him to a breach of contract action, we find no basis for holding that he was entitled to submit evidence of mental anguish damages and overrule Point of Error No. Seventeen.[3]

### 7. Interest Damages

 In his eighteenth and final point of error, Appellant argues that the trial court erred in ruling as a matter of law that recovery for interest expense was limited to interest on the debt incurred for the purchase of bank stock and did not include interest on the total debts owed by Appellant to Allied Champions Bank that were made known to Hand at the time of the letter agreement of August 19, 1986. Appellees, suggest in their sole cross-point, that the trial court erred in finding that, in the event the jury found for Appellant, he was entitled to recover interest damages for any debt owed to Allied Champions Bank.

The parties, by agreement, submitted the issue of the availability of interest expenses on debt incurred by Appellant to purchase the Chasewood stock. After the jury returned its verdict, the court dictated its findings into the record, stating as follows:

> [T]he applicable interest to the note securing the stock was $20,272.03 for the period of September 19, 1986 through March 16, 1993[, and] the total interest was $144,-442.09. However, this included notes for other secured property unrelated to the bank stock, and the Court finds that that is not foreseeable both as a matter of fact and as a matter of law that these would be damages incurred.

As noted earlier, Texas law limits damages recoverable in a breach of contract case to the actual damages that are the natural, probable, and foreseeable consequence of the defendant's breach. *Mead,* 615 S.W.2d at 687. The evidence in the instant case shows that Appellant introduced evidence that he had informed Hand that he was desirous of selling his shares in order to retire debts owed to Allied Champions Bank in the approximate amount of $208,000. Hand testified that Appellant had not indicated that debt retirement was the primary concern, although he had sought $3.85 per share since Appellant had told him "that's what I owe per share on my Chasewood stock." Insofar as it is not within the province of this Court to interfere with the fact finder's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony, the jury's decision on such matters is regarded as conclusive. *Montgomery Ward & Co.,* 146 Tex. 153, 204 S.W.2d at 508; *Oechsner,* 840 S.W.2d at 136; *Chandler,* 842 S.W.2d at 833. Consequently, we find that it

---

**3.** The record shows that Hand timely objected to the introduction of evidence of Appellant's mental anguish. *See Cadle Co. v. Bankston & Lobin-gier,* 868 S.W.2d 918 (Tex.App.—Fort Worth 1994, n.w.h.) (mental anguish damages recoverable where error not preserved).

was within the purview of the trial court to find that any interest incurred on Appellant's debts was a "natural, probable, and foreseeable consequence" of a breach of the alleged agreement, and further, that the damages were limited to interest on the note securing the stock from the date Appellant contended that the contract was to be performed, September 19, 1986, until the date of the trial, March 16, 1993. *See Mead*, 615 S.W.2d at 687. Accordingly, Appellant's Point of Error No. Eighteen is overruled. Appellee's sole cross-point is likewise overruled.

Having overruled Appellant's Points of Error Nos. One through Fourteen and Sixteen through Eighteen, as well as Appellee's sole cross-point, and further having sustained Point of Error No. Fifteen, but finding such error harmless pursuant to Tex.R.App.P. 81(b), we affirm the judgment of the trial court.

## APPENDIX

August 19, 1986

Mr. Don E. Hand
14202 Champion Forest Dr.
Houston, Texas 77069

Dear Mr. Hand:

Through this letter and with your acknowledgement below, I hereby contractually agree to sell to you, or your assigns, <u>Fifty Seven Thousand Eight Hundred Ninety Two (57,892)</u>, shares of The Chasewood Bank common stock for the total consideration of <u>Three Dollars and 85/100 --------</u> Dollars (<u>$3.85 per share</u>). This sale shall be consumated on or before 3 days from the date hereof.

I further understand that there may be certain pre-emptive rights to purchase additional shares of Chasewood Bank common stock granted at the August 19, 1986, shareholders; meeting. Should the record date for ownership to acquire new shares, predate the consumation of this sale, said pre-emptive rights accumulated heretofore or hereafter shall pass to the purchaser of the above referenced shares, in full, with no additional payment of any kind. This transaction is subject to approval by regulatory authorities, not to exceed thirty (30) days.

Sincerely,

/s/ <u>Charles A. Hallmark</u>

Charles A. Hallmark

I hereby acknowledge and accept this contract, subject to the approval by the Voting and Stock Restriction Agreement voting representatives.

/s/ <u>Dan E. Hand</u>

Dan E. Hand

I hereby assign the above contract to Greenwood Properties, Inc. without recourse.

/s/ <u>Dan E. Hand</u>

Dan E. Hand