**JUSTICE BAIL BONDS and
Leo Wilson, Appellants,**

v.

**Leo SAMANIEGO, in his Capacity
as Sheriff of El Paso County,
Appellee.**

No. 08–00–00474–CV.

Court of Appeals of Texas,
El Paso.

Nov. 21, 2001.

**812**

Corey Haugland, James, Goldman & Haugland, P.C., El Paso, for Appellants.

Edward M. Sosa, Asst. County Atty., El Paso, Kathleen M. McCulloch, Shafer, Davis, McCollum, Ashley O'Leary & Stoker, Odessa, Cygne Nemir, Asst. County Atty., El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

### *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellants Justice Bail Bonds ("Justice") and Leo Wilson ("Wilson") appeal the trial court's decision to allow Appellee, Leo Samaniego ("Samaniego"), in his official capacity as Sheriff of El Paso County, to offset the amount owed under the instant case against the amount owed by Justice to the State of Texas. Appellants raise two issues: (1) that the trial court erred in allowing Samaniego to offset the amount of authorized fees, plus prejudgment interest against the amount of unpaid bond forfeiture judgments owed by Justice to the State of Texas; and (2) that they are entitled to attorneys' fees under the Texas Declaratory Judgment Act. We affirm.

In January 1988, two bail bonds companies filed suit against El Paso County claiming the preconviction bail bond fee charged by the El Paso County Commissioner's Court and collected by the Sheriff was unconstitutional. In time, these bail bonds companies were joined by a number of others in this effort to obtain a declaratory judgment, permanent injunction, and damages for those fees already collected. Ultimately, the bail bonds companies prevailed. The Texas Supreme Court found the bond approval fees imposed on bondsmen to be unauthorized by state law. *See Camacho v. Samaniego*, 831 S.W.2d 804, 815 (Tex.1992). The case was remanded to resolve the issue of remedies. *Id.*

After *Camacho* was remanded, but before any decision as to damages occurred, Justice Bail Bonds filed suit against the County and Samaniego seeking reimbursement for the fees they had paid that had since been ruled illegal by the Supreme

Court. Justice's cause of action was consolidated with the *Camacho* suit. The case was eventually heard in the 34th District Court, where a final take-nothing judgment in favor of El Paso County and Samaniego was entered.

While the case was on appeal, Justice assigned its claim in the action to one of its creditors, Leo Wilson. On review, the appellate court affirmed the summary judgment granted in favor of El Paso County and Sheriff Samaniego in his individual capacity. *See Camacho v. Samaniego,* 954 S.W.2d 811, 829 (Tex.App.-El Paso 1997, pet. denied). However, the Eighth Court of Appeals reversed and rendered the lower court's judgment with respect to the liability of the sheriff in his official capacity. *Id.* The case was remanded once again to determine the amount of refund due to the bail bond companies. *Id.* at 830.

After the case was remanded, Wilson intervened. Justice's cause of action was severed for jury trial. During trial, both parties moved for directed verdict. The trial court granted plaintiffs' motion and resolved all issues as matters of law. The court determined that notice of Justice's claim was presented to the County Commissioner's Court in March 1988. Based on this date, the trial judge concluded that Justice was owed $205,641 in fee refunds plus $131,235 in prejudgment interest. The court further determined Justice owed the County $1,084,007 in unpaid bond forfeiture judgments. The trial court's judgment set-off the award of $336,876 to Justice against the amount owed by Justice to El Paso County. No attorneys' fees were awarded to Justice, Wilson, or Samaniego.

■ An appellate court applies an abuse of discretion standard when reviewing a trial court's ruling regarding an equitable remedy of set-off. *Citizens Industrial Bank of Austin v. Oppenheim et ux.,* 118 S.W.2d 820, 822 (Tex.Civ.App.-Austin 1938, writ dism'd); *See generally Bonham State Bank v. Beadle,* 907 S.W.2d 465, 468 (Tex.1995)(discussing the inherent power of courts to set-off mutual judgments). Likewise, a trial court's decision regarding the awarding of attorneys' fees is also reviewed under an abuse of discretion standard. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985); *Leon Ltd. v. Albuquerque Commons Partnership,* 862 S.W.2d 693, 708–09 (Tex.App.-El Paso 1993, no writ). Thus, a trial court's decision in either matter will not be reversed absent a clear showing of abuse. *Id.*

Justice and Wilson first complain the trial court erred in allowing Samaniego to offset the amount of refunded fees and prejudgment interest against the amount of unpaid bond forfeiture judgments owed by Justice to El Paso County. In particular, they claim the " 'law of the case doctrine' " prevents the trial court from finding the mutuality of obligation necessary for set-off. They also argue that the assignment of claims by Justice to Wilson prevents a finding of mutuality between the parties. We find the trial court's application of set-off to be proper.

■ The law of the case doctrine is defined as "that principle under which the initial determination of questions of law will be held to govern the case throughout its subsequent stages." *Trevino v. Turcotte,* 564 S.W.2d 682, 685 (Tex.1978); *accord Hallmark v. Hand,* 885 S.W.2d 471, 474 (Tex.App.-El Paso 1994, writ denied). Under the doctrine, matters of law previously decided by a court of last resort govern the case and will not be reviewed again. *Hallmark,* 885 S.W.2d at 474; *Aycock v. State,* 863 S.W.2d 183, 187 (Tex. App.-Houston [14th Dist.] 1993, writ ref'd). The doctrine is intended to achieve uniformity of decision, judicial economy, and efficiency. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986).

Application of the law of the case doctrine is not absolute. If issues and facts have substantially changed, the doctrine may not necessarily apply. *Hudson,* 711 S.W.2d at 630; *Hallmark,* 885 S.W.2d at 474. As such, use of the law of the case is flexible, left to the discretion of the court, and determined on a case-by-case basis. *Med Center Bank v. M.D. Fleetwood,* 854 S.W.2d 278, 283 n. 6 (Tex.App.-Austin 1993, writ denied); *Kay v. Sandler,* 704 S.W.2d 430, 433 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Justice and Wilson argue that because we decided in *Camacho v. Samaniego*[1] that the County of El Paso was not a proper party to the suit, there can now be no mutuality between the parties in the present case. Further, they argue because the appellate court found the County, but not Samaniego, to be protected by sovereign immunity, the two cannot be functionally equivalent. They essentially argue the law of the case as established in *Camacho* prevents the trial court in the present case from finding mutuality between Samaniego and Justice.

The decision in *Camacho* does not prevent the trial court from finding mutuality of parties in the present case. That opinion clearly states the County was not a proper party in the original suit because it involved an action performed by a State official that was subsequently found to be unauthorized by state law. *Camacho,* 954 S.W.2d at 820. Therefore, it was appropriate for the bail bond companies to sue the individual in authority, in this case, Sheriff Samaniego. *Id.* But we were equally clear that Samaniego is liable in his official, not individual, capacity. *Id.* at 821. As such, Samaniego is merely a formal party and any damages awarded against him must be paid by the governmental body he represents. *Camacho,* 954 S.W.2d at 821 (discussing and applying RESTATEMENT (SECOND) OF JUDGMENTS § 36). In other words, the law of the case articulated in *Camacho* declared El Paso County responsible for any damages awarded to the bail bond companies in their suit against Samaniego.

Justice and Wilson also argue the assignment of Justice's claim in this suit negatively impacts mutuality between the parties. They claim the trial court is prevented from offsetting the amount Justice owes to the County against the amount Samaniego now owes to Wilson. Central to this argument is the assertion that Wilson was assigned Justice's claim before it was liquidated. In support of this view, Justice maintains that it pledged its accounts receivable to Wilson on February 17, 1987, and later made a formal assignment of its claim against Samaniego on January 19, 1996. Justice and Wilson argue "because the Bail Bond Suit was assigned to Leo Wilson before being reduced to judgment, Leo Wilson may be able to avoid a setoff claim with respect to the County Judgments." We are unpersuaded by this argument.

In 1993, Justice and the other bail bond companies had been defeated in the trial court at summary judgment. The case was then appealed. Wilson's pleadings indicate the judgment and proceeds from Cause No. 88–679 were transferred by Justice to Wilson on January 19, 1996. In January 1996, the appellate court had not yet issued its opinion in this matter.[2] However, the record reflects Wilson's knowledge and awareness of Justice's unpaid judgments at that time. Because Wilson was aware of Justice's debt to the

---

1. *See Camacho v. Samaniego,* 954 S.W.2d 811, 819–21 (Tex.App.-El Paso 1997, pet. denied).

2. The opinion was issued August 21, 1997.

County at the time the assignment was made, he is subject to any later set-off of this debt. *See Vogt v. Jones,* 396 S.W.2d 539, 540 (Tex.Civ.App.-Fort Worth 1965, no writ). It does not matter that at the time of assignment the claim was not liquidated. Rather, the important element is Wilson's appreciation of the County's potential defenses, counterclaims, or set-offs. *See* RESTATEMENT SECOND OF CONTRACTS § 336 (1981).

In viewing the record as a whole, we find no abuse of discretion on the part of the trial court in applying the equitable remedy of set-off. If applied, the law of the case doctrine would support the result reached by the lower court. Further, the assignment of the proceeds of this claim by the original plaintiff to the intervenor did not impact the propriety of the set-off. Appellants' first issue is overruled.

In their second issue raised, Justice and Wilson argue the trial court erred in failing to award them attorneys' fees under the Texas Declaratory Judgment Act. They contend that because "the case at issue involves a declaratory judgment, an award of attorney's fees is appropriate...."

Justice filed suit against the County in June 1992, after the Texas Supreme Court had decided the fee charged by El Paso County was unauthorized.[3] At that time, there was no longer any issue related to declaratory judgment or injunction. The sole concern facing the plaintiffs in both the *Camacho* cases and the case filed by Justice was damages. Nothing in Justice's Original Petition, Supplemental Petition, or Wilson's Petition in Intervention asserts a claim under the Texas Declaratory Judgment Act. As such, Justice and Wilson cannot now claim the right to attorneys' fees under the Act. Further, any award of attorneys' fees under the Act is permissive, not mandatory. The trial judge has discretion to award such fees and Appellants fail to demonstrate any abuse of discretion on the part of the trial court. Accordingly, we overrule Appellants' second issue.

We affirm the judgment of the lower court.

---

3. The Supreme Court opinion was issued May 6, 1992.