Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS







RAYMOND TELLES D/B/A TELLES
BAIL BONDS,


 Appellant,


v.


LEO SAMANIEGO, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF EL
PASO COUNTY, TEXAS,


 Appellee.

§


§


§


§


§


No. 08-02-00234-CV


Appeal from the


34th Judicial District Court


of El Paso County, Texas


(TC# 99-2595)



M E M O R A N D U M O P I N I O N



 This is an appeal from the granting of a motion for summary judgment in favor of Appellee,
Leo Samaniego in his official capacity as Sheriff of El Paso County, Texas, and a denial of a motion
for summary judgment against Appellant, Raymond Telles d/b/a Telles Bail Bonds. For the reasons
stated, we reverse and remand. 


I. SUMMARY OF THE EVIDENCE


 Both sides to this case concede that the case history is the same as that of Camacho v.
Samaniego, 954 S.W.2d 811 (Tex. App.--El Paso 1997, pet. denied), until the action brought by
Raymond Telles d/b/a Telles Bail Bonds was severed for trial in 1999. 

 On January 25, 1988, several bail bond companies brought suit against El Paso County and
Leo Samaniego in his personal and official capacity as Sheriff of El Paso County, Texas. Camacho
v. Samaniego, 954 S.W.2d 811, 815 (Tex. App.--El Paso 1997, pet. denied). In this suit the bail
bond companies claimed that the pre-conviction bail bond fee charged by the county and collected
by the sheriff was unconstitutional and illegal. Id. The Texas Supreme Court ultimately agreed with
the bail bond companies holding that Tex. Loc. Gov't Code Ann. § 118.131 (Vernon 1999) did
not authorize the pre-conviction bail bond fee as the County and the Sheriff contended. Camacho,
954 S.W.2d at 816. The Court remanded on all issues relating to the remedies available to the
bonding companies. Id. 

 On remand the parties proceeded to trial on issues of damages before the same trial judge. 
Id. On August 17, 1992, Raymond Telles individually and d/b/a Raymond Telles Bail Bonds, filed
a similar suit in the same court. Id. This cause of action was transferred to the 205th Judicial
District Court and consolidated with the suits of the original plaintiffs. Id. On June 1, 1993 the
Sheriff and the County filed separate motions for summary judgment. Id. Plaintiffs filed their own
motions for summary judgment and responses to defendant's motions. Id. The trial court granted
a take-nothing judgment in favor of the Sheriff and the County. Id. All parties appealed to this
Court. Id. at 814. This Court found no error in the summary judgment granted to the County and
in favor of the Sheriff in his individual capacity. Id. at 829. However, this Court found 1) that the
Sheriff was liable in his official capacity and 2) that the illegal fees were paid under duress and
remanded solely on the issue of the refund due to the bail bond companies. Id. at 829. 

 On July 30, 1999 a Motion for Severance was granted to Raymond Telles. Cross-motions
for summary judgment were heard by the trial court on February 4, 2002. Summary Judgment was
entered on February 28, 2002. The trial court found that Telles Bail Bond gave notice of its claim
to the Sheriff on July 2, 1992, that the amount of unauthorized fees collected was $62,856, and that
Telles Bail Bonds was entitled to receive credit for prejudgment interest on the fees at a rate of six
percent (6%) per annum in the sum of $36,404.82. The trial court also found that a setoff of the
judgments was appropriate. 

II. DISCUSSION


 Appellant brings three issues on appeal challenging the granting of summary judgment. He
argues that the trial court erred in permitting an offset of damages for bail bond forfeiture judgments
in favor of the State, that it erred in setting the prejudgment interest rate at six percent (6%) per
annum, and that it erred in finding a beginning accrual date for the Statute of Limitations without
competent Summary Judgment evidence.



A. Standard of Review

 The standard of review on appeal is whether the successful movant at the trial level carried
its burden of showing that there is no genuine issue of material fact and that a judgment should be
granted as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Cortez v. Liberty Mut. Fire Ins.
Co., 885 S.W.2d 466, 469 (Tex. App.--El Paso 1994, writ denied). Thus, the question on appeal is
not whether the summary judgment proof raises fact issues as to required elements of the movant's
cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there
is no genuine issue of material fact 

as to one or more elements of the movant's cause or claim. See Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970).

 In resolving the issue of whether the movant has carried this burden, all evidence favorable
to the non-movant must be taken as true and all reasonable inferences, including any doubts, must
be resolved in the non-movant's favor. See Nixon, 690 S.W.2d at 548-49; DeLuna v. Guynes
Printing Co., 884 S.W.2d 206, 208 (Tex. App.--El Paso 1994, writ denied). Where the defendants
are the movants and they submit summary evidence disproving at least one essential element of each
of plaintiff's causes of action, then summary judgment should be granted. See Perez, 819 S.W.2d
at 471; Bradley v. Quality Serv. Tank Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885 S.W.2d at
469. Furthermore, when a trial court's order granting summary judgment does not specify the
ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993); Rogers v. Ricane Enter., Inc., 772 S.W.2d 76, 79 (Tex. 1989). 

B. The Offset of Damages for Bail Bond Forfeitures

 In Issue No. One, Appellant contends that a setoff of bail bond forfeitures in favor of the
State is precluded in this case because Appellee lacks the required mutuality set forth in Frost v. De
Bogory, 291 S.W.2d 414 (Tex. Civ. App.--Dallas 1956, no writ). In Justice Bail Bonds v.
Samaniego, this Court found that Sheriff Samaniego did not lack the required mutuality to offset the
bail bond forfeitures. "[W]e were equally clear that Samaniego is liable in his official, not
individual, capacity. As such, Samaniego is merely a formal party and any damages awarded against
him must be paid by the governmental body he represents." 68 S.W.3d 811, 814 (Tex. App.-- El
Paso, 2001, pet denied) (citing Camacho v. Samaniego, 954 S.W.2d 821 (Tex. App.-- El Paso, 1997,
pet. denied)). This Court went further, explaining that ". . . the law of the case articulated in
Camacho declared El Paso County responsible for any damages awarded to the bail bond companies
in their suit against Samaniego." Justice Bail Bonds, 68 S.W.3d at 814. Since Samaniego is being
sued in his official capacity and whatever determination is made in regards to the damages affects
the County of El Paso directly, the trial court did not abuse its discretion in finding the required
mutuality in order to grant the setoff of the bail bond forfeitures with the amount owed by Appellant
to the State. 

 In Camacho this Court held that " . . . [i]f the remedy sought is damages and the public body
of which he is an official is solely responsible for paying them, the public official likewise appears
in his official capacity and is in effect merely a formal party. See § 37. The determination in such
circumstances is therefore binding on the governmental body of which he is an official and on his
successors in office, but in accordance with the rule stated in § 36 is not binding on him personally." 
Camacho, 954 S.W.2d at 821 (citing The Restatement (Second) of Judgments § 36 cmt. e.
(1982)). Appellant uses this Court's discussion of Samaniego's individual liability in Camacho,
relying on Bagg v. Univ. of Texas Medical Branch, 726 S.W.2d 582 (Tex. App.--Houston [14th
District] 1987, writ ref'd n.r.e) and the explanation of the Texas Supreme Court's decision in
Camacho. However, Appellant fails to take into consideration this Court's analysis of Section 36
cmt. e. of the Restatement (Second) of Judgments where this Court found that although Samaniego
is a party, he is only a formal party. Id. Therefore, pursuant to previous decisions on this matter, we
find that there is mutuality present to grant a setoff. See Justice Bail Bonds, 68 S.W.3d at 814;
Camacho, 954 S.W.2d at 811. 

 Even though a suit against the Sheriff is not a suit against the State or its subdivisions, it has
been held by this Court that the Sheriff in his official capacity is only a formal party since the
damages owed to Appellant are owed and controlled by the County as explained above. Therefore,
an offset is allowed as a matter of law. Issue No. One is overruled. 


C. The Setting of Prejudgment Interest and Application of Contract Principles

 In Issue No. Two, Appellant contends that the trial court was erroneous in applying a
prejudgment interest rate of six percent (6%) and failing to apply Section 304.003 of the Texas
Finance Code. Tex. Fin. Code Ann. § 304.003 (Vernon 1998). Appellant argues that this section
manifestly applies to prejudgment interest rate in accordance to the language found in Section
304.003(b), which pertains to post judgment interest. Id. (emphasis added). However, Appellant
fails to explain why Section 304.003 applies to prejudgment interest as well as post-judgment
interest. It is clear that Section 304.102 of the Texas Finance Code does in fact apply to prejudgment
interest. Tex. Fin. Code Ann. § 304.102 (Vernon 1998). However, it specifically applies to "[a]
judgment in a wrongful death, personal injury, or property damage case." Id. Property damage, as
used in prejudgment interests statutes, means damage to tangible property, not economic loss or loss
of economic opportunity. See Spangler v. Jones, 861 S.W.2d 392 (Tex. App.-- Dallas 1993, writ
denied). Since this case does not deal with damage of property, but rather with economic loss,
Section 304.102 does not apply. We agree with Appellee's argument that damages in this case are
in the nature of an account. We further agree that the statute that governs prejudgment interest in
this case is Tex. Rev. Civ. Stat. Ann. art 5069 § 1.03 (Vernon 1976), which provides that when
there is no specified rate of interest agreed by the parties, then interest at a rate of six percent is
allowed on all accounts. Tex. Rev. Civ. Stat. Ann. art 5069 § 1.03 (Vernon 1976).


 Furthermore, we see no indication in the record that leads this Court to believe that there have
been any contract principles applied in this case by the trial court to reach a conclusion as to the
prejudgment interest rate applied. Issue No. Two is overruled. 

D. Establishment of Accrual Date

 In Issue No. Three, Appellant contends that the trial court erred in finding a beginning accrual
date for the statute of limitations without any competent summary judgment evidence. 

 Prior to Appellant's Notice of Appeal, the Texas Supreme Court announced a significant
change in the law governing the statute of limitations regarding claims against a county. In
Trammel's Lubbock Bail Bonds, the Court clarified that " [u]nder Hodges, a party with a claim
against a county could delay the running of limitations indefinitely merely by not presenting its
claim." 80 S.W.3d 580, 585 (Tex. 2002). Due to this inconsistency with Texas law in regards to
the statute of limitations, the Texas Supreme Court deemed it necessary to change the rule. Id.

 [w]e announce a new rule in cases in which a party seeks
reimbursement from a county for unauthorized charges: the cause of
action accrues when payment to the county is made because that is
when the injury occurs, not when the claim has been presented to
and rejected by the commissioners court. Id.

 The "law of the case" doctrine mandates that when a question of law is decided on appeal
by a court of last resort, that decision governs the case throughout its subsequent stages. See
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986); Hallmark v. Hand, 885 S.W.2d 471, 474
(Tex. App--El Paso 1994, writ denied). Matters of law disposed of on a former appeal will not be
revisited in a later appellate proceeding. See Hallmark, 885 S.W.2d at 474. The doctrine applies
only to questions of law and does not govern decisions on questions of fact. See Hudson, 711
S.W.2d at 630. The doctrine does not necessarily apply if the issues or facts presented in successive
appeals are not substantially the same as those involved in the first decision. See id. Neither does
it apply where the prior appellate ruling is clearly erroneous. See Texas Employers Ins. Ass'n v.
Tobias, 740 S.W.2d 1, 2 (Tex. App.--San Antonio 1986, writ denied). Another clear exception to
this long established rule is when a " . . . controlling authority has since made a contrary decision
of law applicable to the issue." See Falcon v. General Tel. Co., 815 F.2d 317, 320 (5th Cir. 1987)
(citing Barrett v. Thomas, 809 F.2d 1151 (5th Cir. 1987)); E.E.O.C. v. International
Longshoremen's Ass'n, 623 F.2d 1054 (5th Cir. 1980), cert. denied, 451 U.S. 917, 101 S.Ct. 1997,
68 L.Ed.2d 310 (1981)). In any of these instances, this Court has the discretion to set aside prior
determinations made and reach a different result. The law of the case doctrine is merely a practice
to ensure consistency in court decisions, however, it is not a limit to the power of courts. See
Messinger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). 

 The Supreme Court has since made a contrary decision of law applicable to the issue. It
would be inconsistent with this new law to apply the "law of the case" doctrine to this particular
issue and overlook the changes made by the Texas Supreme Court. For this reason, we find that
the new rule announced by the Supreme Court in Trammel's Lubbock


Bail Bonds applies and as such the date to look at when calculating the damages is the date when
this lawsuit was filed, August 17, 1992. Accordingly, we sustain Issue No. Three.

 Having overruled Appellant's Issues No. One and Two, but further having sustained Issue
No. Three, we reverse the judgment of the trial court and remand the case to the trial court for
recalculation of damages and prejudgment interest under the guidelines of Trammel's Lubbock, 80
S.W.3d at 580.

September 30, 2003

 

 


 ______________________________________ 

 RICHARD BARAJAS, Chief Justice




Before Panel No. 2

Barajas, C.J., McClure, (concurring in Judgment only) and Chew, JJ.