Dan THOMAS, TDCJ–ID
# 355395, Appellant,

v.

James A. COLLINS, Director
of TDCJ–ID, Appellee.

No. 01–92–00652–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 17, 1993.

Ordered Published July 1, 1993.

Rehearing Denied July 22, 1993.

Dan Thomas, pro se.

M. Lawrence Wells, Austin, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from an order dismissing appellant's suit, with prejudice, for failure to state a claim against the defendant. We reverse and remand.

Appellant, Dan Thomas, a state prison inmate, filed a pro se *in forma pauperis suit* on April 11, 1991, against James A. Collins, the Director of the Texas Department of Criminal Justice—Institutional Division. Appellant alleged he had been held in administrative segregation since May 1, 1985, "because Plaintiff refuses to stop litigation against the Defendant [and] his staff by filing institutional grievances and 1983 and state lawsuits." Appellant alleged the court had jurisdiction under 42 U.S.C. § 1983 (1981).[1] Appellant asserted three causes of action: that he was denied his rights under the eighth and fourteenth amendments of the United States Constitution; that Collins and his staff violated the laws of civil conspiracy; and that Collins and his staff engaged in the intentional infliction of emotional distress. Appellant sought a declaratory judgment, injunctive relief, and monetary damages.

On April 17, 1991, the trial court dismissed the suit pursuant to Tex.Civ.Prac. & Rem. Code Ann. § 13.001(a)(2) (Vernon Supp. 1993). Appellant appealed, and the Eighth Court of Appeals reversed and remanded the cause to the trial court, holding that the trial court abused its discretion in dismissing appellant's case. *Thomas v. Collins,* No. 08–91–00246–CV, slip op. at 4 (Tex.App.—El Paso, Feb. 26, 1992) (not designated for publication). The appellate court held that appellant's allegations of lengthy segregation because he exercised his constitutional rights were sufficient to prevent a dismissal as frivolous without a factual hearing and determination of rights under the eighth amendment. *Id.*

The case was remanded to the trial court. Appellant proceeded on his original petition, and Collins filed an answer and a motion to dismiss with prejudice. The grounds asserted in the motion to dismiss were: (1) appellant failed to state a claim under 42 U.S.C. § 1983; (2) appellant could not sue Collins in his official capacity because suits against State officials in their official capacities are in reality suits against the State of Texas, and the State of Texas had not waived its immu-

1. 42 U.S.C. § 1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

nity from suit; and (3) appellant could not sue Collins in his individual capacity, because the doctrines of respondeat superior and vicarious liability are not actionable under 42 U.S.C. § 1983, and therefore no constitutional claim exists against a supervisor for the acts of a subordinate absent a showing of personal involvement, collaboration, direction or approval of the subordinate's alleged unlawful actions. On March 25, 1992, the trial court granted Collins' motion to dismiss with prejudice.

Appellant filed this appeal pro se, *in forma pauperis*. Collins has not filed a responsive brief.

In his second point of error, appellant asserts the trial court abused its discretion in dismissing his suit, because he stated a claim against Collins in his official and individual capacities under 42 U.S.C. § 1983.

A section 1983 claim must encompass two elements: there must be conduct committed by a person acting under color of state law, and the conduct must have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Onnette v. Reed*, 832 S.W.2d 450, 453 (Tex.App.—Houston [1st Dist.] 1992, no writ). In his petition, appellant pled that Collins, in conspiracy with his staff, acting under color of law, violated appellant's eighth amendment rights by segregating him from the general prison population because he filed administrative grievances and court actions.

The Eighth Court of Appeals, in the first appeal, determined that appellant adequately pled that he was deprived of his eighth amendment rights, and held that his suit should not have been dismissed as frivolous. *Thomas*, slip op. at 4. The appellate court cited *O'Brien v. Moriarty*, 489 F.2d 941 (1st Cir.1974), stating that solitary confinement imposed inappropriately or for too long a duration can result in a violation of eighth amendment rights. *Thomas*, slip op. at 4. The court also stated that "where prisoners have been confined in isolation for long periods of time, courts have carefully scrutinized the reasons for this extended confinement."

*Id.* (citing *Morris v. Travisono*, 549 F.Supp. 291 (D.R.I.1982), *aff'd*, 707 F.2d 28 (1st Cir. 1983)).

■ The Eighth Court of Appeals reasoned that without a hearing, the trial court could not have determined if appellant was administratively segregated, and if so, whether there was some factual or legal basis for appellant's segregation. *Thomas*, slip op. at 3. The court held that appellant's allegations of lengthy segregation because he exercised his constitutional rights were sufficient to prevent a dismissal as frivolous without a factual hearing and determination of rights under the eighth amendment. *Id.*, slip op. at 4.

■ According to the law of the case doctrine, this Court need not reanalyze whether appellant adequately pled that he was deprived of a constitutional right. The "law of the case" doctrine is the rule under which an appellate court on a subsequent appeal is bound by the prior decision on a former appeal in the same case. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986); *Exxon Corp. v. Butler*, 585 S.W.2d 881, 883 (Tex.Civ.App.—San Antonio 1979), *judgment set aside by agreement of parties*, 619 S.W.2d 399 (Tex.1981). The doctrine applies only to questions of law, not questions of fact. *Hudson*, 711 S.W.2d at 630. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Id.*

In his motion to dismiss, Collins additionally asserted that he could not be sued in his official capacity or individual capacity. Collins acknowledged that according to *Monell v. New York Dept. of Social Services.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978), he can be sued for his personal actions causing a constitutional injury. However, Collins argued that, according to *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979), he cannot be sued because he did not have actual knowledge nor was he directly involved in the alleged events that deprived Thomas of his constitutional rights.

 Prison officials and officers may rely on qualified immunity in section 1983 actions. *Procunier v. Navarette,* 434 U.S. 555, 561, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1975). Once a defendant asserts the affirmative defense of qualified immunity, the burden shifts to the plaintiff to rebut it. *Whatley v. Philo,* 817 F.2d 19, 20 (5th Cir. 1987). To meet this burden, the plaintiff must establish that the defendant's conduct "violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Texas A & M Univ.,* 804 F.2d 327, 332 (5th Cir.1986). The reviewing court must examine the plaintiff's section 1983 claim to determine which "statutory or constitutional rights" he claims were violated, then decide if he pled the violations sufficiently. *See Id.* at 333–34.

In his petition, appellant alleged that "Collins, and his staff are acting in [a] concerted and unlawful manner by willfully conspiring to keep plaintiff ... in administrative segregation...." Appellant pled that Collins refused to release him to the general prison population because appellant refused to stop filing institutional grievances and section 1983 and state lawsuits. Appellant alleged that at a "state classification hearing," in furtherance of the conspiracy, two prison staff members refused to release appellant to the general prison population. Appellant also stated that he has made many written requests to Collins to have himself transferred and released to the general prison population.

 *Pro se* pleadings are to be reviewed and evaluated by standards less stringent than those applied to formal pleadings drafted by lawyers. Thus, both the trial court and this Court must review appellant's petition with patience and liberality to determine the merits of the complaints. *Johnson v. McAdams,* 781 S.W.2d 451, 452 (Tex.App.— Houston [1st Dist.] 1990, writ dism'd w.oj.).

 Reviewing appellant's pleading under this standard, his allegations are sufficient to allege that Collins violated his clearly established eighth amendment rights. Collins is in a position to reasonably know that confine-

ment in isolation inappropriately or for too long a duration can result in a violation of eighth amendment rights.[2]

We hold that appellant's petition adequately stated a claim under 42 U.S.C. § 1983, and that Collins did not establish his immunity from suit as a matter of law. Therefore, the trial court erred in granting Collins' motion to dismiss with prejudice.

We sustain point of error two.

In his first point of error, appellant claims that the trial court abused its discretion in failing to give appellant notice or an opportunity to replead before the suit was dismissed. In light of our ruling on point of error two, it is not necessary for us to reach point of error one, and we decline to do so.

We reverse and remand this case to the trial court.

---

**2.** As of the date appellant filed suit, he had allegedly been segregated for six years.