In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-339 CV


____________________



PAUL T. DAVID, Appellant



V.



ANDREA R. DAVID, Appellee






On Appeal from the 1A District Court


Jasper County, Texas


Trial Cause No. 21108






OPINION



 Paul T. David ("Paul") appeals pro se from the Final Decree of Divorce entered in
his divorce from Andrea R. David ("Andrea"). Paul raises three points of error,
contending that the trial court erred in denying him a jury trial, erred in refusing to grant
his motion for new trial, and violated several judicial canons in his handling of the case.

 

The Jury Trial Issue

 Paul's first point of error contends that the court committed reversible error by
denying him a jury trial. Paul timely requested a jury trial and paid a jury fee. A party
can waive the right to jury trial; for example, if the party fails to object to a bench trial. 
See Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assur. Co., 875 S.W.2d
385, 388 (Tex. App.--Dallas 1993, no writ). In this case, Paul entered into an agreed
settlement with Andrea in open court. He waived trial entirely. The first point of error
is overruled. 

The Motion for New Trial 

 Paul's second point of error argues that the trial court erred in allowing what he
refers to as his "motion for retrial" to be overruled by operation of law. Paul filed two
documents requesting a new trial, the first timely filed within thirty days of the entry of
final judgment and a second more detailed request for a hearing on the motion. The
second motion was filed untimely, several weeks after the first motion had already been
overruled by operation of law. Tex. R. Civ. P. 329b(c). Andrea contends that Paul's
motion for new trial is unworthy of consideration because it is overly general, see Tex.
R. Civ. P. 322 and that the more detailed request for a hearing on the motion should be
discounted as untimely. Had an attorney filed these motions, we would agree. However,
generally pro se pleadings are evaluated under more lenient standards than those applied
to formal pleadings drafted by lawyers. See Thomas v. Collins, 860 S.W.2d 500, 503
(Tex. App.-- Houston [1st Dist.] 1993, writ denied). We address Paul's arguments. 

 Paul's first motion asserted that the final decree entered by the court varied from
the agreement read into the record in open court. Although his first motion did not so
specify, he complains of the language in the final decree relating to ownership interests in
the family home as well as the omission of language concerning the filing of an amended
1999 tax return. 

 The agreement in the record provided that, when the family home was sold, the 
proceeds would be divided evenly after both parties were given credit for any "post-decree
payments." The agreement stated that Andrea would "get credit for the post-decree
payments that she has made" and that both parties would be entitled to credit "for any
payments made on the tax arrearage on the house or for taxes paid on the house" or for
"any post-Decree maintenance items . . . in excess of $500." The final decree provides
that the proceeds: 

 [S]hall be divided 50/50 between the parties, provided that each party shall
be entitled to a credit against the other party's 50% for any and all payments
of principal, interest, taxes, insurance and maintenance of a value of more
than $500.00. 


Paul now contends that he was given the impression by Andrea's attorney "that [a]ppellee
would be given credit towards principal reductions made on the house, not for all payments
Appellee made on the house." However, the language in the final decree regarding credit
for post-decree expenditures is identical in substance to that which Paul agreed to before
the court. 

 The second discrepancy Paul alleges is that the final decree omits language
regarding the couple's filing an amended 1999 tax return. After the parties read the agreed
settlement into the record and the judge rendered the divorce, Andrea's attorney asked to
reopen, stating that the parties had agreed to "cooperate for tax purposes." Andrea then
questioned this statement, noting that she had already filed her 1999 taxes. The court told
Andrea's attorney that the parties had the option of filing an amended return -- "She can
look at, and if it's advantageous that you file jointly, I think you can file an amended
return[.]" Andrea asked, "If it doesn't help us, does it have to be changed?" The judge
replied "No." Paul said nothing during this exchange, neither agreeing nor protesting. 
This exchange took place after the settlement was agreed to by both parties. It appears
more in the nature of a suggestion than an order by the trial court, to be followed "If it's
advantageous to do that." Paul presents no evidence that such a filing would have been
advantageous. 

 The trial court did not err in allowing Paul's motion for new trial to be overruled
by process of law. Point of error two is overruled.

Actions of the Trial Court

 Paul contends that the trial judge behaved improperly during the March 3 and
March 28 hearings, and that he was denied a fair trial as a consequence. However, the
record of the two hearings does not substantiate Paul's allegations of bias by the trial court. 
At the March 3 hearing, the court postponed action on Paul's allegations that his wife had
violated temporary orders; however, the court also postponed action on Andrea's motion
to jail him for allegedly falling behind in child support. The trial court told Paul that his
other financial issues with Andrea would be considered at the March 28 hearing: "I'll be
glad to hear that at the final hearing. That's how you distribute property." 

 Regarding the March 28 hearing, Paul claims that he was coerced into entering into
a settlement. No coercion appears in the record; what does appear is Paul's agreement to
settle. The Texas Civil Practice and Remedies Code states that it is public policy "to
encourage the peaceable resolution of disputes, with special consideration given to disputes
involving the parent-child relationship, including the mediation of issues involving
conservatorship, possession, and support of children . . . ." Tex. Civ. Prac. & Rem.
Code Ann. § 154.002 (Vernon 1997). The law instructs courts to carry out this policy. 
See Tex. Civ. Prac. & Rem. Code Ann. § 154.003 (Vernon 1997). Paul did not object
to finalizing the divorce without trial, either before or after the agreement was read, and
did not object to any of the settlement's provisions. Even on appeal, he challenges only
the provisions reviewed above. Point of error three is overruled.

 The judgment of the trial court is AFFIRMED 

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on April 8, 2002

Opinion Delivered May 30, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.