NUMBER 13-03-073-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

WAYNE RICHARD JENKINS,                                              Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,                      Appellee.
___________________________________________________________________

On appeal from the 12th District Court
of Walker County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         Appellant, Wayne Richard Jenkins, challenges a trial court judgment granting a
plea to the jurisdiction in favor of appellee, Texas Department of Criminal Justice
(TDCJ). By five issues Jenkins contends: (1) the trial court abused its discretion in
denying his motion for appointment of counsel; (2) the trial court erred in granting
TDCJ’s plea to the jurisdiction; (3) the trial court erred in allowing a verbal plea to the
jurisdiction; (4) the trial court erred in not allowing him an opportunity to amend his
pleadings; and (5) the trial court abused its discretion in dismissing his claim with
prejudice. We reverse and remand. 
I. BACKGROUND
         Jenkins, an inmate, filed a pro se suit against TDCJ for damages resulting from
a work-related injury. Jenkins alleges that on April 16, 1999, while working in the
food services area of the Huntsville prison, he was ordered by a TDCJ employee to
remove a cart loaded with grease. As Jenkins was approaching the door to re-enter
the kitchen, he walked past a permanently-installed machine that was being used by
another inmate to crush empty one-gallon food cans for recycling. Jenkins was struck
in the neck by the seven foot long steel lever arm of the machine and was rendered
unconscious. After several x-rays were taken at the prison infirmary, Jenkins was
transferred to John Sealy Hospital in Galveston for further treatment.
         Jenkins brought suit pursuant to section 101.021(2) of the Texas Civil Practice
and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon
1997). Before trial he filed a motion for appointment of counsel which was denied. 
TDCJ then filed a plea to the jurisdiction arguing there had been no waiver of
immunity. After a hearing, the trial court granted TDCJ’s plea to the jurisdiction and
dismissed the case with prejudice. This appeal ensued. 
II. APPOINTMENT OF COUNSEL
         By his first issue, Jenkins contends the trial court erred in denying his motion
for appointment of counsel. We review the trial court’s refusal to appoint counsel in
a civil case for abuse of discretion. Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex.
2003). While there is no requirement that a civil litigant be represented by counsel in
order for a court to carry on its essential, constitutional function, in certain
“exceptional circumstances” a trial court may appoint counsel to an indigent civil
litigant. See Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996). 
In evaluating what might constitute exceptional circumstances, we are to consider the
“unique circumstances” of the case and determine whether the trial court had “no
reasonable alternative but to appoint counsel.” Tolbert, 102 S.W.3d at 713.
         Jenkins’s reasons supporting his need for appointment of counsel can be
summarized into the following:   (1) Jenkins has limited education and no legal training
thereby making it difficult for him to understand and follow the necessary procedures
and participate in discovery; (2) the claim involves complex medical issues; (3) lack of
counsel has enabled defense counsel to take advantage of Jenkins; (4) Jenkins’s
incarceration prevented him from obtaining necessary experts; and (5) Jenkins has
made numerous attempts to obtain counsel from outside sources. 
         In Gibson v. Tolbert, the supreme court addressed inmate litigation under similar
circumstances. See Tolbert, 102 S.W.3d at 710. In that case, the court found that
although Tolbert was indigent, lacked legal skill and training, and desired expert
testimony to refute the defendant’s defensive theory, his circumstances were not
exceptional. See id. at 711-12. The court described Tolbert’s medical malpractice
claim as an “obvious example” of a case that does not warrant the appointment of
counsel. Id. at 713. 
         We find Jenkins’s circumstances are much the same as those in Tolbert. As
such, they do no warrant appointed counsel. Therefore, we conclude the trial court
did not abuse its discretion by denying the motion to appoint counsel. See Gibson,
102 S.W.3d at 712. Jenkins’s first issue is overruled.
III. PLEA TO THE JURISDICTION
         By his second issue, Jenkins contends the trial court erred in granting TDCJ’s
plea to the jurisdiction.
A. Standard of Review
         A plea to the jurisdiction is a dilatory plea; its purpose is “to defeat a cause of
action without regard to whether the claims asserted have merit.” Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court’s
authority to determine the subject matter of a pleaded cause of action. City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.–El Paso 2000, pet. dism’d w.o.j.);
State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.–Corpus Christi 1989, writ
denied). Because subject matter jurisdiction is a question of law, we review a trial
court’s ruling on a plea to the jurisdiction under a de novo standard of review. State
v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003). 
         In determining whether jurisdiction exists, rather than looking at the claim’s
merits, we look to the allegations in the pleadings, accept them as true, and construe
them in favor of the pleader. See County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002); Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). We consider the facts alleged in the petition, and to the extent it is relevant
to the jurisdictional issue, any evidence submitted by the parties to the trial court. 
Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001);
Blue, 34 S.W.3d at 555. 
         It is the plaintiff’s burden to allege facts affirmatively demonstrating the trial
court’s jurisdiction. Tex. Ass’n of Bus., 852 S.W.2d at 446; Mission Consol. Indep.
Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.–Corpus Christi 2001, no pet.). 
When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to amend. Brown, 80
S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence
of jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend. Id.
B. Analysis
         The State, its agencies, and subdivisions generally enjoy sovereign immunity
from tort liability unless there is a specific waiver of immunity. Id. at 554. The Texas
Tort Claims Act (the Act) was enacted by the Texas Legislature to waive sovereign
immunity in certain, narrowly defined circumstances. Tex. Dep’t of Criminal Justice
v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). At issue in this case is the application of
section 101.021(2) of the Act. Under this section, a governmental unit is liable for
“personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). 
         Under section 101.021(2), immunity can be waived by furnishing personal
tangible property that is inadequate, inappropriate, defective, or lacks an integral safety
component. See, e.g., Robinson v. Cent. Tex. MHMR Ctr., 780 S.W.2d 169, 171
(Tex. 1989) (finding waiver under the Act where state employee provided swimming
attire that did not include life preserver); Lowe v. Tex. Tech Univ., 540 S.W.2d 297,
300 (Tex. 1976) (finding cause of action stated within waiver of immunity where
university provided football player with inadequate protective equipment); McBride v.
TDCJ-ID, 964 S.W.2d 18, 22 (Tex. App.–Tyler 1997, no pet.) (finding allegations that
governmental entity was negligent in furnishing defective barrel sufficient to establish
waiver of immunity under the Act); Tex. Dep’t of MHMR v. McClain, 947 S.W.2d 694,
697-98 (Tex. App.–Austin 1997, writ denied) (finding waiver of immunity where
hospital provided lockers and wheelchair which lacked integral safety component);
Texas Dep’t of Corrections v. Jackson, 661 S.W.2d 154, 158 (Tex. App.–Houston
[1st Dist.] 1983, writ ref’d n.r.e.) (holding that pleadings and proof were sufficient to
fall within waiver provision of the Act where prison furnished tool belt which was
insufficient or inappropriate for the purpose for which it was used). Furthermore, that
the act ultimately causing the plaintiff’s injury was undertaken by a third party does
not relieve the State from liability. See McClain, 947 S.W.2d at 697 (citing Delaney
v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992)).
         Jenkins generally alleged in his petition that the negligence and gross negligence
of TDCJ resulted in the misuse of defendant’s property which caused serious bodily
injury to him. Jenkins additionally alleged that the defendant breached its duty by
having “a machine of defective design” in operation and that the misuse of this
machine caused his injury. He further stated that the machine was “without any
safeguards.” We note that pro se pleadings are to be reviewed and evaluated by
standards less stringent than those applied to formal pleadings drafted by lawyers. 
Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex. App.–Corpus Christi 2002, no
pet.). We must review appellant’s petition with patience and liberality to determine
the merits of the complaint. Thomas v. Collins, 860 S.W.2d 500, 503 (Tex.
App.–Houston [1st Dist.] 1993, writ denied). With this in mind, we find that Jenkins
adequately alleged that TDCJ furnished personal tangible property that was
inadequate, defective or lacking an integral safety component, which caused his injury. 
Therefore, his pleadings were sufficient to bring him within the waiver of governmental
immunity created by the Act. Jenkins’s second issue is sustained. Because of our
disposition of Jenkins’s second issue, we need not address his remaining issues. See
Tex. R. App. P. 47.1.
IV. CONCLUSIONAccordingly, we reverse the trial court’s order granting TDCJ’s plea to the
jurisdiction and remand this case for further proceedings.

                                                                        
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Opinion delivered and filed
this 20th day of May, 2004.