

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00329-CV

**GORDON R. SIMMONDS,**

**Appellant**

 **v.**

**REX A. CORLEY, ET AL,**

**Appellee**

_____

**From the 12th District Court
Walker County, Texas
Trial Court No. 23344**

_____

## MEMORANDUM OPINION

_____

Gordon Simmonds, a state prison inmate, appeals the trial court's frivolousness dismissal of his suit against several Texas Department of Criminal Justice (TDCJ) officials or employees:  Rex A. Corley, Richard Gunnels, Craig A. Fisher, James L. Jones, and Tawn Roddey (Appellees).

Simmonds's claims center around a prison disciplinary conviction that he received.  He alleges that, because of physical limitations and disabilities, he has a medically prescribed restriction of working no more than four hours at a time, after

which he is to be released from his job assignment to return to his cell. On the occasion in question, Simmonds was assigned to work in the prison laundry. Corley was the laundry manager who was supervising Simmonds, and Simmonds had a disagreement with Corley about having to remain in the laundry beyond his four-hour restriction. Corley refused to allow Simmonds to leave after his scheduled four-hour work period had ended, telling Simmonds that he (Corley) was running the laundry and that no doctor was going to tell him how long an inmate should or could work. Simmonds then told Corley, "You're ate up with it." Corley asked, "Ate up with what?" Simmonds replied, "Stupidity."

Corley then wrote up a disciplinary offense report alleging that Simmonds had violated Rule 42.0 of the TDCJ's Disciplinary Rules and Procedures for Offenders, which prohibits: "Use of *indecent* or *vulgar* language or indecent or vulgar gestures in the presence of or directed at an employee or any person who is not an offender." [Emphasis added.] Gunnels received the report and decided that Simmonds should be formally charged. Fisher found Simmonds guilty.[1] The punishment for the disciplinary conviction was a thirty-day recreation restriction and a thirty-day commissary restriction.

Simmonds then appealed the disciplinary conviction through the TDCJ administrative grievance procedure. In the Step 1 grievance process, Jones refused to overturn the disciplinary conviction. In the Step 2 grievance process, Roddey affirmed

---

[1] Simmonds omitted Fisher as a defendant in his First Amended Petition but then added him as a defendant in his Second Amended Petition.

Jones's decision.

Simmonds filed the instant lawsuit *pro se*, along with his pauper's affidavit with inmate account statement, his affidavit relating to previous filings, and his proof of exhaustion of administrative remedies.[2]  His Second Amended Petition alleges:

> 9.   Rule 42.0 is a rule that punishes language and is substantially overbroad and therefore invalid on its face under the First Amendment of the United States Constitution, and Article 1, Section 8, of the Texas Constitution.  The Rule punishes a substantial amount of, and is susceptible of regular application to, constitutionally protected speech, and accords prison officials unconstitutional discretion, as is demonstrated by evidence indicating that an inmate can be punished for making utterances of language which an officer, in his unguided discretion, believes to be "indecent or vulgar" when it is not.
>
> 10.   "Indecent or vulgar language" prohibitions violates [sic] the Constitutions of the United States and Texas as the Rule is vague and ambiguous.  The Rule is used arbitrarily as a blanket restriction to punish speech that is protected under the federal and State Constitutions.
>
> 11.   The Rule does not permit the First Amendment's, and Article 1, Section 8's, protection of criticism, challenges, or use of profanity directed at a prison guard for his abuses of authority and wrongful and unlawful conduct.  Simmonds informed Corley that, in Simmonds' opinion, Mr. Corley was "ate up with stupidity," and such a comment did not constitute any type of threat whatsoever.
>
> 12.  Simmonds challenges the constitutionality of Rule 42.0 on its face, and as it has been applied regarding the word "stupidity."

Simmonds alleges that the Appellees are liable for violating his constitutional rights.   He seeks declaratory relief that Rule 42.0 has been applied to him unconstitutionally, and he seeks injunctive relief through an order that either repeals

---

[2] The Appellees initially filed a plea to the jurisdiction asking for dismissal for lack of subject-matter jurisdiction.  The trial court granted the plea and dismissed the suit.  Simmonds appealed, and we reversed the dismissal order and remanded the case to the trial court. *See Simmonds v. Corley,* No. 10-06-00145-CV, 2007 WL 1218225 (Tex. App.—Waco Apr. 25, 2007, no pet.).

the rule or modifies it. He also seeks injunctive relief through an order that overturns and expunges his disciplinary conviction.

The Appellees (other than Fisher) filed a motion to dismiss under chapter 14 of the Civil Practice and Remedies Code, asserting that Simmonds's suit was frivolous because it lacks an arguable basis in law on two grounds: (1) Rule 42.0 cannot be found to be unconstitutional; and (2) Simmonds's only resort for his disciplinary conviction is a federal habeas corpus action. The trial court held a hearing and entered an order dismissing the action as frivolous under chapter 14.

Simmonds appeals, asserting eight issues. His first five issues address the constitutionality of Rule 42.0 and of Simmonds's punishment,[3] but the issue before us is, as issue six raises, whether the trial court erred in dismissing the action as frivolous.

> Section 14.003 allows a trial court to dismiss a suit filed by an indigent inmate, either before or after service of process, if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In determining whether the claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the

---

[3] Those issues are: (1) Does an inmate have a freedom of speech right, under the Texas and United States Constitutions, to challenge or criticize a prison correctional officer or employee who is acting in a wrongful, unlawful, and/or unauthorized manner? (2) As commonly defined, are the words "stupid" or "stupidity" "indecent or vulgar" language? (3) Where a prison rule punishes "indecent or vulgar language," is it substantially overbroad and invalid where it punishes a substantial amount of constitutionally protected speech because of the rule being capable of being regularly applied to *any* and *all* speech by according prison officials with unconstitutional enforcement discretion, where language which is supposedly "indecent" is not clearly defined or modified? (4) Where the prison rule prohibits only "indecent or vulgar" language, is it substantially overbroad where it is used as a backdoor means of punishing inmates for exercising their right to criticize or challenge the legality of an officer's actions? (5) Was the prison rule unconstitutionally applied to Appellant where he was punished for using "indecent or vulgar" language, when the words "stupid" or "stupidity" are not indecent or vulgar per se? And was Appellant impermissibly punished under such an application?

inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

. . .

> The Texas Supreme Court has expressed doubt about whether a trial court can properly dismiss a suit only because the claim's realistic chance of ultimate success is slight or because it is clear that the party cannot prove facts in support of the claim. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706-07 (Tex. 1990). Practically speaking, therefore, the trial court is limited to determining whether the claim has an arguable basis in law or fact. *Bohannan v. Texas Bd. of Criminal Justice,* 942 S.W.2d 113, 115 (Tex. App.—Austin 1997, writ denied).

*Smith [v. Tex. Dep't of Crim. Justice-Inst. Div.,* 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied)]; *see also Spurlock [v. Schroedter,* 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, no pet.)].

…

> The issue of whether there was an arguable basis in law is a legal question that we review de novo. *Id.*; *Moreland v. Johnson,* 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

> To determine whether the trial court properly decided there was no arguable basis in law … , we examine the types of relief and causes of action … to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Johns,* 2005 WL 428465, at *1; *Spurlock,* 88 S.W.3d at 736. We review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *Spurlock,* 88 S.W.3d at 736 (citing *Thomas v. Collins,* 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied)). Also, in reviewing the dismissal …, we are bound to take as true the allegations in his petition. *Jackson v. Tex. Dep't Crim. Justice-Inst. Div.,* 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).

*Brewer v. Simental,* 268 S.W.3d 763, 769-70 (Tex. App.—Waco 2008, no pet.).

A claim has no arguable basis in law if it is an indisputably meritless legal

theory. *Leachman v. Dretke,* 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.).

When, as here, there has been no evidentiary hearing, our review is limited to whether

the claim has an arguable basis in law.[4] *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.).

The Appellees first contend that Simmonds's action has no basis in law because it must be brought as a habeas corpus action in federal court. In *Fernandez*, we recently addressed and rejected a similar contention. *See id.* at 11-12. Because success in this suit will not result in Simmonds's speedier release from prison on the sentence he is serving for his underlying conviction, the federal habeas requirement is not applicable. *See id.* (rejecting application of *Heck v. Humphrey* in case involving prison disciplinary conviction and punishment of 15-day cell and commissary restrictions); *cf. Johnson v. Dretke,* No. 1:04-CV-248-C, 2005 WL 1586677, at *2 (N.D. Tex. July 5, 2005) ("To the extent that Petitioner challenges the loss of commissary privileges, his claims do not present grounds for federal habeas corpus review … ."); *cf. McBride v. Tex. Dept. Crim. Just.,* No. 13-05-00328-CV, 2008 WL 668050 (Tex. App.—Corpus Christi Mar. 13, 2008, pet. denied) (mem. op.) (holding that civil action complaining of prison disciplinary punishment of loss of 30 days' *good-time credit* lacked arguable basis in law because only remedy was federal habeas corpus action). Accordingly, Simmonds's action is not frivolous on this basis.

The Appellees' other contention for why Simmonds's action has no basis in law is that Rule 42.0 is constitutional facially and as applied to Simmonds.

---

[4] We disagree with Simmonds's assertion that the trial court held a fact hearing and that we should thus also consider whether his claim has an arguable basis in fact. Simmonds participated in the hearing on the motion to dismiss and argued against dismissal, but he did not give testimony, nor was he cross-examined.

It is well-established that a prisoner retains certain First Amendment rights notwithstanding his incarceration. *See, e.g., Pell v. Procunier*, 417 U.S. 817, 822 (1974). Nevertheless, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979) (quoting *Price v. Johnson*, 334 U.S. 266, 285 (1948)). In the First Amendment context, a prisoner retains only those rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell*, 417 U.S. at 822. It is generally recognized that security, order, and rehabilitation are legitimate penological objectives. *E.g., Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974).

In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court announced four factors relevant to determining whether a prison regulation that restricts constitutional rights is permissible: (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate government interest put forward to justify it"; (2) "whether there are alternative means of exercising the right"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates"; and (4) whether "the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.* at 89-90.

*Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009).

The parties do not cite authority directly addressing Simmonds's constitutional claims and the disciplinary rule at issue: that it is constitutionally impermissible to punish use of the word "stupidity" as "indecent or vulgar language." *Morgan*, for example, involved a constitutional attack against disciplinary punishment under Rule 42.0 for an inmate's vulgar note that was mailed to opposing counsel, but the only First Amendment issue concerned whether the prison could apply the rule to outgoing mail that was patently vulgar. *Id.* at 665-66. Because *Morgan* did not reach any of Simmonds's issues, we do not find it dispositive of whether Simmonds's action has no basis in law.

In their motion to dismiss, the Appellees cited *Gibbs v. King,* 779 F.2d 1040 (5th Cir. 1986), which rejected a prisoner's claim that a Louisiana prison disciplinary rule was unconstitutionally vague and overbroad. *Id.* at 1045-46. That rule prohibited prisoners from making "derogatory or degrading remarks" about a prison employee. *Id.* at 1045; *see Robichaux v. Tanner,* No. 92-9545, 1993 WL 210421, at *2 (5th Cir. June 11, 1993) (not designated for publication) (affirming district court's conclusion that same rule at issue in *Gibbs* did not impermissibly violate inmate's freedom of speech for his use of "stupid" in describing guard's conduct); *see also Lerma v. Fed. Bureau of Prisons,* No. 1:01-CV-232-C, 2003 WL 22121092, at *3-6 (citing *Gibbs* and rejecting First Amendment challenge to federal prison rule prohibiting "insolence towards a staff member") (citing *Ustrak v. Fairman,* 781 F.2d 573, 580 (7th Cir. 1986)). Because *Gibbs* pre-dates *Turner* and because it, *Robichaux*, and *Lerma* involve different prison rules, we do not find them dispositive of whether Simmonds's action has no basis in law.

Simmonds cites a Fifth Circuit panel opinion that found a different Louisiana prison disciplinary rule to be unconstitutional,[5] *Clarke v. Stalder,* 121 F.3d 222 (5th Cir. 1997), *vacated on other grounds by* 133 F.3d 940 (5th Cir. 1997), *partially reinstated by* 154 F.3d 186, 191 (5th Cir. 1998), but in granting rehearing en banc, the court disposed of the appeal on other grounds (avoiding the constitutional issue) and specifically declined to reinstate the panel opinion's section that found the rule to be unconstitutional. *Clarke,* 154 F.3d at 190-91. Because the majority chose not to address the constitutional issue,

---

[5] *Clarke* involved the constitutionality of a Louisiana prison rule that prohibited inmates from threatening prison employees with legal redress during a confrontation situation.

Judge Reynaldo Garza "adamantly" dissented, *id.* at 195 (R. Garza, J., dissenting), and Judge Dennis, in dissent, noted that he preferred to decide the constitutional issue "after having the benefit of a more robust discussion and debate among the members of the court." *Id.* at 195 (Dennis, J., dissenting). Simmonds also posits that his speech at issue was a challenge to Corley's wrongful conduct, prisoners have a constitutional right to challenge wrongful or unlawful conduct, and prisoners may not be punished in a "backdoor manner," which would be an unconstitutional application of prison rules. *See Brown v. Crowley,* 312 F.3d 782, 791 (6th Cir. 2002) ("Prison officials are clearly free to punish inmate conduct that threatens the orderly administration of the prison. But '[t]he State must ensure ... that [conduct-regulating] portions of the prison rules are not used as a backdoor means of punishing inmates for exercising their right to criticize the legality of officials' actions. Any attempt to use the rules in this manner would result in an unconstitutional application of the rules.'") (quoting *Clarke,* 121 F.2d at 230); *see also City of Houston v. Hill*, 482 U.S. 451, 461, 107 S.Ct. 2502, 2509, 96 L.Ed.2d 398 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.").

Based on the authorities cited by the parties and the absence of authority on Rule 42.0's constitutionality in a factual situation similar to Simmonds's First Amendment claim—the constitutionality of punishing use of the word "stupidity" as "indecent" or "vulgar" language in the alleged context of challenging wrongful conduct, we cannot conclude that Simmonds's action has no basis in law. We sustain issue six and reverse the trial court's order dismissing Simmond's action as frivolous.

In issue seven, Simmonds contests the District Clerk's position (set out in the District Clerk's letter to him) that he was required to file a certified copy of his "inmate trust fund statement" with his indigence affidavit before the clerk's record would be prepared and filed in this appeal. Simmonds filed an objection to this purported requirement in an attempt to preserve this complaint for appellate review, but the trial court did not rule on the objection.[6] The record does not show that Simmonds sought a hearing or ruling on the objection or that he objected to the trial court's refusal to rule. *See* TEX. R. APP. P. 33.1(a). Simmonds has thus not preserved issue seven for appellate review, and we overrule it.

Issue eight contends that the trial court erred in entering an order that assessed costs for the clerk's record against Simmonds, who is proceeding in this appeal as an indigent. That alleged order is not in the clerk's record, and in response to our request for a supplemental clerk's record containing it, the District Clerk has advised that no such order exists. Issue eight is therefore dismissed as moot.

We remand this case for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 4, 2012
[CV06]

---

[6] To prevent delay in this appeal, Simmonds subsequently provided his inmate account statement.