**Affirmed and Memorandum Opinion filed July 24, 2012.**



**In The**

# Fourteenth Court of Appeals

————————————

**NO. 14-10-00862-CV**

————————————

**KENNETH HILL, Appellant**

**V.**

**RICHARD TRINCI, DOMINTO CARRILLO, JACKIE DENT, WARNER LUMPKINS, LEE WILLIAMS, and KANDICE WOODARD Appellees**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 50689**

## MEMORANDUM OPINION

Appellant, Kenneth Hill, an inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), who is proceeding *pro se* and *in forma pauperis,* appeals the dismissal of his lawsuit. Appellant filed suit against appellees, who are current or former prison employees, complaining that they violated the Eighth Amendment's prohibition against cruel and unusual punishment by subjecting him to unsanitary living conditions. The trial court granted appellees' motion for traditional and no-evidence summary judgment and dismissed appellant's claims with prejudice. Appellant filed a timely notice of appeal. In a single issue, he asserts that the trial court

erred in granting appellees' motion for summary judgment because there is a material fact question that should be submitted to a jury. We affirm.

## BACKGROUND

In 2008, Warden Richard Trinci of the Wayne Scott Unit in Angleton, Texas, implemented a change in the Unit's policies to limit the inmates to five state-issued "miniature" bars of soap per seven-day period. The soap provided by the Unit is approximately 1 inch wide by 2 inches long and ¼ inch thick. Inmates were permitted to purchase additional bars from the prison commissary. Hill objected to the limited soap and also complained that no cleaning supplies were provided to clean his cell.

Hill was dissatisfied with the resolution of his complaints made through the prison grievance system. He then filed suit against appellees in their individual capacities, requesting a declaratory judgment that the defendants' actions violated the Eighth Amendment's prohibition on cruel and unusual punishment. Appellees answered, claiming qualified, official, and sovereign immunity. Hill filed an amended complaint requesting injunctive relief and damages.

After discovery proceeded in the case, appellees filed a traditional and no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(b), (i); *see also Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex. 2004) (acknowledging that a party may file a combined or "hybrid" motion for summary judgment). The trial court granted appellees' motion without specifying the grounds, and ordered the case dismissed. This appeal followed.

## HILL'S COMPLAINTS

Hill's suit was based on a grievance complaining about insufficient soap and the sanitation of his cell in that he filed in September of 2008. Hill complained that five bars of soap each seven days was inadequate to shower, shave, wash his hands, and clean his cell. Hill complained that he is required to live in unsanitary living conditions, asserting that

toilets in the unit were "encrusted with feces" and the sinks were dirty. He demanded a bar of soap every day for personal hygiene and additional soap for cleaning the toilet, sink and cell floor.

The administration's response was as follows:

> Your complaint has been noted. A reduction in the amount of soap issued to offenders was implemented to reflect a more reasonable amount of soap to meet general hygiene requirements. Be advised soap is also sold in the commissary if you feel you require additional soap. Janitors are assigned to each wing, and are equipped with cleaning supplies, that can be supplied to you on request. If you have a problem getting extra cleaning solution send an I-60 to Officer K. Woodard, Chemical Supply Officer. No policy violation noted. No action.

Hill filed a step 2 grievance on October 1, 2008, complaining that the insufficient soap and cleaning supplies for his cell continued. On October 23, 2008, the administration responded that an investigation showed that Hill received "necessity items in accordance with policy." Hill provided an unsworn declaration that before filing suit, he exhausted the prison grievance procedure, as required by section 501.008 of the Government Code and section 14.005 of the Texas Civil Practice & Remedies Code. *See* Tex. Gov't Code § 501.008(d) (precluding an inmate from filing a claim until he has exhausted his remedies through the grievance system); Tex. Civ. Prac. & Rem. Code § 14.005.

The record shows that Hill timely filed suit, complaining that appellees acted with deliberate indifference to his health and safety in failing to correct the issues raised in his grievance. On July 29, 2009, he amended his complaint, asserting that he suffered various skin problems as a result of the unsanitary conditions in his cell.

## SUMMARY JUDGMENT GROUNDS

In their combined motion for summary judgment, appellees alleged that there is no evidence that Hill was deprived of the basic elements of hygiene by the Unit's limitation on the soap provided to him or that appellee was unconstitutionally deprived of cleaning supplies for his cell. They asserted that there is no evidence that appellees were aware of

3

any facts from which an inference could be drawn that a substantial risk of serious harm existed to Hill, or that any appellees actually drew that inference. Appellees also asserted that there is no evidence that the alleged unconstitutional conditions proximately caused Hill any injuries.

## SUMMARY JUDGMENT STANDARDS

We review the granting of a traditional summary judgment de novo. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 7 (Tex. 2005). To be entitled to summary judgment, the movant must demonstrate that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c). The burden shifts to the non-movant to produce evidence sufficient to raise a fact issue after the movant has satisfied the initial burden. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether a fact issue exists, evidence favorable to the non-movant is taken as true. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985)).

When a no-evidence motion for summary judgment is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements of the claim. Rule 166a(i); *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex.2004). We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Accordingly, we review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).

4

When a trial court's order granting summary judgment does not specify the grounds that the trial court relied upon, we must affirm the judgment if any of the grounds are meritorious. *Progressive Cty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009). The appellant must also argue that every ground raised in the summary judgment motion is erroneous. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996).

## SECTION 1983 AND IMMUNITY

Hill's suit alleging an Eighth Amendment violation by prison officials constitutes a claim under 42 U.S.C. § 1983. Section 1983 creates a private right of action for violations of an individual's federally guaranteed rights by those acting under color of state law. *See Richardson v. McKnight*, 521 U.S. 399, 403, 117 S.Ct. 2100, 2103 (1997). A section 1983 action may lie when the conditions of confinement are challenged. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 1840–41 (1973).

As governmental employees, appellees are entitled to sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code § 101.106; *see also Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996). When sued under section 1983 in his official capacity, a suit against a state official is a suit against the state, and is therefore barred by sovereign immunity. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001). Although the terms are sometimes used interchangeably, official immunity is not the same as sovereign immunity. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007) ("[A]n official sued in his individual capacity would assert official immunity as a defense to personal monetary liability, which is well suited for resolution in a motion for summary judgment. But an official sued in his official capacity would assert sovereign immunity."). Official immunity is also sometimes referred to as qualified immunity. *City of Houston v. Daniels*, 66 S.W.3d 420, 424 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

A state official sued in his individual capacity, as here, does not enjoy sovereign immunity from suit and may be sued under section 1983. *Hamilton v. Pechacek*, 319 S.W.3d 801, 811 (Tex. App.—Fort Worth 2010, no pet.). Qualified or official immunity

from suit is available, however, to government officials sued in their individual capacities under section 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982); *see also City of Hempstead v. Kmiec,* 902 S.W.2d 118, 120 n. 1 (Tex. App.—Houston [1st Dist.] 1995, no writ) (noting that "the term 'official immunity' is confusing because official immunity covers acts performed by a government official in the person's individual capacity, not in the person's official capacity"). Government officials performing discretionary functions have qualified immunity from a suit for damages under section 1983 so long as the official's conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would be aware. *Padilla v. Mason*, 169 S.W.3d 493, 502 (Tex. App.—El Paso 2005, pet. denied); *Scott v. Britton*, 16 S.W.3d 173, 180 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A legal right is "clearly established" when the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987).

When a governmental official asserts the affirmative defense of qualified immunity by pleading good faith and demonstrating that his actions were within his discretionary authority, the summary judgment burden shifts to the plaintiff to show that the defendant's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Newman v. Kock*, 274 S.W.3d 697, 705 (Tex. App.—San Antonio 2008, no pet.); *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The plaintiff must show: (1) the official's conduct violated a federally guaranteed right; (2) the right was clearly established; and (3) the official's conduct was objectively unreasonable in light of the clearly established right. *Thomas*, 860 S.W.2d at 503. Objective reasonableness is a question of law for the court when deciding qualified immunity in a section 1983 action. *Hare v. City of Corinth*, 135 F.3d 320, 328 (5th Cir. 1998); *see also Poteet v. Sullivan*, 218 S.W.3d 780, 792 (Tex. App.—Fort Worth, 2007, pet. denied) (recognizing that objective reasonableness is a matter of law).

6

# EIGHTH AMENDMENT

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment's prohibition of cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 831, 114 S.Ct. 1970, 1976 (1994). To prove an Eighth Amendment violation based on the conditions of confinement, the plaintiff must show that the deprivation he alleges is objectively serious and that the government official acted with deliberate indifference to his health and safety. *Hernandez v. Velasquez*, 522 F.3d 556, 560-61 (5th Cir.2008); *Britton*, 16 S.W.3d at 181. First, to demonstrate that the deprivation he alleges is objectively serious, a prisoner must show "that the condition [is] so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Harris v. Angelina County*, 31 F.3d 331, 334 (5th Cir. 1994). Inmates have a right not to be deprived of the "basic elements of hygiene." *Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999) (holding that requiring inmates to stay outside overnight without any bathroom facilities was unconstitutional).

Secondly, to establish deliberate indifference, a prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health or safety. *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. The prisoner must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the official actually drew the inference. *Id*. Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

## SUMMARY JUDGMENT EVIDENCE

With their summary judgment motion, appellees presented undisputed summary judgment proof that when inmates enter TDCJ, they are provided a copy of the TDCJ Inmate Orientation Handbook and are told that they are required to comply with it. Inmates are required to keep their cells clean as a cost control measure and "to promote self-discipline, self-reliance, and rehabilitation." Appellees provided uncontroverted

evidence that during the time period at issue in Hill's suit, the Wayne Scott Unit had a policy of providing five bars of soap for each seven-day period, providing regular spraying of the prison cells with a disinfectant, and that cleaning supplies were available when requested from an inmate janitor. Appellees provided evidence that the soap provided to inmates was sufficient for showers and hand washing. Based on his twenty-eight years of experience in the correctional field, Assistant Warden Lee Williams confirmed that five bars of soap in the approximate size provided by the Unit are sufficient for a seven-day period for inmates' showering and hand-washing needs.

The undisputed summary judgment proof was that during the relevant time period, the Wayne Scott Unit's practice was to spray disinfectant into the inmates' cells at least every other week. Officer Woodard provided an affidavit confirming that as the Chemical Supply Officer for Hill's Unit, she periodically sprayed the cells with disinfectant. She confirmed that janitors that are assigned to each wing in the Unit, and the janitors have cleaning supplies that inmates could use to clean their cells. The summary judgment evidence includes a grievance that Hill's filed in 2009, after this suit was filed. Hill requested that Officer Woodard, the Chemical Supply Officer, stop the spraying of chemicals on prisoners' cell floors and instead have the chemicals sprayed in the inmates' sinks and toilets. Warden Williams of the Wayne Scott Unit responded as follows:

> Your complaint has been investiga[ted]. CO5 K. Woodward, chemical officer, states that the offenders that spray the cells can spray the sinks and toilets if it requested by an offender. The janitors on each wing has *[sic]* a bag of cleaning rags that are available to offenders upon request. Grievance resolved.

Assistant Warden Lee Williams explained in his affidavit how cleaning supplies were provided to the inmates through the bars of the cell, as follows:

> Before a policy change on March 1, 2010, and even well before August 24, 2008, [the stipulated date that Hill's complaint began] the practice of the Wayne Scott Unit was for prison staff to provide inmate janitors of each wing cleaning supplies that the inmate janitors would use to clean areas

8

outside of the cells. Officer Woodward or janitor inmates under her supervision periodically sprayed a solution containing water and disinfectant into the inmates' cells. The inmate could ask the inmate janitor to pass a rag or other cleaning supplies through the cell bars, and the inmate would clean his cell and return the rag or other cleaning supplies through the cell bars to the inmate janitor who was waiting. To keep the inmate janitor from being attacked, the inmate janitor was not permitted to enter the cell.

In March of 2010, the Unit's policy changed to permit inmate janitors to pass a spray bottle containing disinfectant and cleaning rags through the bars of the cell, and the inmate was required to return the cleaning supplies to the janitor when finished. Under the new policy, inmates were also permitted to have access to a mop, broom, or toilet brush, which were required to be returned after use. As explained by Assistant Warden Williams, "This policy change permits inmates to have access to the cleaning supplies, as before, without allowing them to have private supply of cleaning supplies, which would be unsafe."

In response to appellees' summary judgment motion, Hill provided copies of excerpts from answers to discovery and grievances that he filed. The discovery answers are incomplete, include numerous objections, and are largely denials to requests for admissions. Under Texas law, denials or refusals to admit are not admissible evidence. *See Newman* v. *Utica Nat'l Ins. Co.,* 868 S.W.2d 5, 8 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Therefore, the discovery responses provide no competent evidence to support Hill's claims.

Hill's summary judgment response was verified, but it may not be considered as summary judgment evidence. A party may not rely upon statements contained in his summary judgment response as summary judgment proof, even if the response is verified. *Quanaim* v. *Fresco Rest. & Catering,* 17 S.W.3d 30, 42 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

9

**DISCUSSION**

For an Eighth Amendment claim, Hill had the burden of providing evidence showing that appellees were aware of facts from which the inference could be drawn that a substantial risk to the prisoner's health or safety exists, and appellees had to actually draw the inference. *See Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. Hill failed to provide any evidence to meet his burden to establish deliberate indifference. He provided no evidence that any prison official knew of and disregarded an excessive risk. *See id.* In response to appellees' motion for summary judgment, Hill provided copies of grievance forms that were returned to him unprocessed.[1] These unprocessed complaints are no evidence of notice of any risk to Hill's health or safety, and they provide no evidence to support Hill's claims.

Moreover, the conditions that Hill alleged, while not ideal, were not so extreme as to state a viable Eighth Amendment claim. Although the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." *Id.* at 347, 101 S.Ct. at 2399. Appellees' summary judgment evidence established that the conditions about which Hill complained were reasonably sanitary and do not violate the Eighth Amendment. *See Daigre v. Maggio*, 719 F.2d 1310, 1311-12 (5th Cir. 1983) (where prisoner alleged unsanitary conditions as a result of infrequent washing of blankets and failure to provide soap and towels in individual cells, conditions were not inhumane because they were "reasonably sanitary"). The evidence shows that when viewed objectively, Hill was not deprived of the minimal measure of life's necessities with respect to soap and cleaning supplies for his cell and toilet.

---

[1] According to Texas Department of Criminal Justice Administrative Directive 03.82 (AD-03.82), if an offender does not meet established criteria for filing a grievance, the grievance may be returned to the offender unprocessed.

10

Hill claimed in his suit that insufficient soap was the proximate cause of jock itch and other skin conditions. However, Hill's summary judgment evidence did not support his claim. Hill presented no competent evidence that any medical professional stated that he had a skin problem caused by unsanitary conditions in his cell. Hill furnished only his written requests to the prison medical department for medicine and cream, but there is no evidence that the lack of additional bars of soap or the condition of his cell proximately caused Hill's claimed jock itch or skin conditions.

In response to appellees' claims of qualified immunity, Hill was required to show that appellees' conduct was objectively unreasonable. *See Thomas*, 860 S.W.2d at 503. Hill provided copies of three Step 1 grievances that appear to have been resolved. First, Hill included a copy of a grievance filed July 27, 2009, complaining that the showers were not draining, causing unsanitary conditions requiring extra soap. Warden Lumpkins responded that the showers were repaired on July 24, 2009, and no extra soap would be provided. Hill provided a copy of a grievance filed October 8, 2009, complaining that the commissary was out of soap on October 5, 2009. The response stated that when the commissary ran out of soap due to a late delivery, the state distributed hygiene items, including soap. On February 1, 2010, Hill filed a grievance requesting extra soap until his leaking toilet was fixed. Warden Lumpkins responded that the toilet was repaired on February 2, 2010. According to our record, no further administrative action was requested. This evidence actually shows that appellees' conduct was reasonable and that they worked toward resolving problems rather than disregarding them. Hill provided no evidence that appellees acted unreasonably to overcome appellees' defense of qualified immunity.

In conclusion, no evidence supports Hill's claim of unconstitutional conditions of confinement. Hill presented no evidence to show objectively that he was deprived of the minimal measure of life's necessities with respect to the cleaning supplies for his cell and toilet. Hill failed to provide more than a scintilla of evidence that appellees were deliberately indifferent to his complaints about insufficient soap and lack of cleaning

11

supplies for his cell. The summary judgment evidence presented to the trial court demonstrated that, not only were appellees not indifferent, they were pursuing solutions to Hill's complaints. Hill presented no evidence that appellees were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that appellees drew that inference. The evidence also showed that appellees acted as reasonable public officials would have under the circumstances The evidence showed that the Unit's policies and practices for the cleaning of cells provided the inmates the ability for them to clean their toilets, sinks, and other areas of the cells. Accordingly, Hill failed to negate appellees' defense of qualified immunity. Hill also presented no evidence that he suffered an injury proximately caused by the alleged conditions of his cell. Even when viewed in a light favorable to Hill, the summary judgment evidence he provided does not meet his burden to produce more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements his claims.

Hill's sole issue is overruled.

## DECLARATORY AND INJUNCTIVE RELIEF

Having determined that appellees are entitled to summary judgment as a matter of law on Hill's causes of action, we must conclude that Hill's claims for declaratory and injunctive relief also fail.

A declaratory judgment and injunctive relief may be appropriate when constitutional violations are established. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) (explaining that money damages cannot be awarded for violations of the Texas Constitution but that injunctive relief is available); *City of Arlington v. Randall*, 301 S.W.3d 896, 904, 906–08 (Tex. App.—Fort Worth 2009, pet. filed).

Hill requested a declaratory judgment that appellees' actions violated the Eighth Amendment's prohibition on cruel and unusual punishment. A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties

12

and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Hill's claim for declaratory relief fails because he presented no evidence that appellees violated his constitutional rights, and the trial court did not err in denying relief.

Hill also requested injunctive relief in his amended petition. Whether to grant or deny a request for a temporary injunction is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To be entitled to a temporary injunction, the applicant must show both a probable right to recover on his cause of action and a probable, imminent, and irreparable injury in the interim. *Id.*; *Argyle ISD v. Wolf*, 234 S.W.3d 229, 236 (Tex. App.—Fort Worth 2007, no pet.). Hill did not plead or prove his entitlement to injunctive relief, and the trial court did not abuse its discretion in denying relief.

## CONCLUSION

The trial court did not err in granting appellees' motion for traditional and no-evidence summary judgment. We affirm the trial court's judgment dismissing Hill's suit.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.