

# NUMBER 13-20-00302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ESTATE OF ROOSEVELT GREEN, SR., DECEASED

**On appeal from the County Court
of Matagorda County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Hinojosa**

Appellant Katie Green Sampson appeals the trial court's denial of her claim for attorney's fees and costs from a contested probate trial.

On December 2, 2021, we issued a memorandum opinion and judgment affirming the trial court's judgment. Sampson timely filed a motion for rehearing. We deny the motion for rehearing but we withdraw our memorandum opinion and judgment of December 2, 2021, and we substitute this memorandum opinion and judgment in their

stead.

## I.  BACKGROUND

Roosevelt "Buddy" Green Sr. died at the age of 101 on January 23, 2018. Green fathered fourteen children during his lifetime, ten of whom were still alive at the time of his death. This appeal arises from a contested probate trial between two of Green's daughters, Sampson and Brenda Raymond.

Green executed three wills in his lifetime—in 2006, 2012, and 2016. All three wills conveyed Green's entire estate to Raymond, who had been Green's primary caretaker for the last decade of his life. The 2016 will specifically disinherited Green's remaining children by name, including Sampson. This document set forth that Green's disinherited heirs were "familiar with the reasons" why he excluded them from inheriting his estate. In 2017, Green also executed a gift deed in favor of Raymond which awarded her sole ownership of two parcels of property he owned.

Two months prior to his death, Green became ill and was hospitalized. When he was released from the hospital and moved to a rehabilitation center, Sampson claimed Green asked for her assistance in revoking his 2016 will and the 2017 gift deed, and she provided that assistance.

After Green's death, Raymond filed a declaratory judgment action in Matagorda County probate court on June 15, 2018, requesting that the court find that the revocation of her father's 2016 will and 2017 gift deed were invalid.[1] Sampson, after answering

---

[1] This Court analyzed the issue of the cancellation of the gift deed in *In the Estate of Green*, No. 13-19-00484-CV, 2021 WL 4995571 (Tex. App.—Corpus Christi–Edinburg Oct. 28, 2021, pet. denied) (mem. op.).

Raymond's lawsuit, filed a separate declaratory judgment action, as well as a "will action" declaring there was no will, on July 31, 2018. In this petition, Sampson requested that the court uphold the will and gift deed revocations. After a contested trial, the trial court ultimately ruled that Green's revocation of his prior will and testament was valid, which benefitted Sampson, but that the attempted revocation of the gift deed was invalid, which benefitted Raymond.

Sampson was represented by two attorneys at trial—Joseph R. Willie II and Christine Sampson Willie. During trial on September 12, 2019, Sampson's attorneys testified regarding their fees and expenses:

[J. Willie]: Applicant/contestant requests the Court find that she prosecuted this case in good faith and with good cause—good faith and just cause. When the attorney's fees and expenses in both these cases are will contest—will contest and the declaratory judgment access—declaratory judgment action are in excess of $65,000. These fees have been segregated, but they do not include the last two days of this trial, which we would like to submit to the Court by submission with the detailed billing statements to those considered. And both of the applicant/contestant's attorneys are licensed to practice law in the State of Texas, have been so for a number of years. And we would submit that we're familiar with the types of fees that are charged in this area. A second charge, $350 an hour to each Joseph and Christine in this case. And what we would like to do, Judge, is to submit our detailed bill by submission to the Court before serving the other side to take into account trial fees—

The Court: I can't hear what you're saying, Counsel.

[J. Willie]: I said, we would like to submit our detailed bill, which would include the culmination of this trial, to the Court. Of course serving counsel and the request therefor. And with that, we would close our case.

The Court: All right. I think you need to prove up your fees in our trial? I

3

mean, if you rest before you prove up your fees, then we have not heard testimony about it . . . You know, summarize the number of hours; but we don't have an itemized bill. That's one thing; but if the case is over, then you submit it, it's too late.

[J. Willie]:  Okay. I was listening to my opposing counsel yesterday do his summary. So we thought that's where we were; but if not, I'll let Mrs. Willie swear herself in. Then she can do the whole detail.

*CHRISTINE WILLIE, having been first duly sworn, testified as follows:*

[C. Willie]:  My name is Christine Sampson Willie. And Joseph Willie of the law firm of Willie & Associates, P.C. Myself, Christine S. Willie of the law firm Christine Sampson Willie, PLLC, are the legal representatives for Katie Sampson in this cause [sic]. We have expended a number of hours in this case where the fees are in excess of $65,000. We would like to submit to the Court no later than Monday a detail of those fees, but we don't have those completed billing statements with us and available to the Court today. So we would like to ask the Court if the Court will consider having those by Monday. We have—I've practiced law principally in the estate planning, probate area about [twenty-two] years. My usual hourly rate is between [$]300 and $350 an hour. In this occasion we agreed for my services that my rate would be $300 an hour for Katie and for the legal trial and expertise for Joseph will [be] at [$]350 an hour. We have expenses for various costs in the case that are in the $8,000 amount. And, again, Judge, we ask that you approve the fees and our time and service in this case based on the *Lone Star* [sic] case for usual hourly rate at $65,000.

The Court:  What's the fee you're requesting, Counsel?

[C. Willie]:  Fee of $65,000 and expenses of about $8,000.

Raymond's counsel did not object to this testimony.

Neither of Sampson's attorneys, however, submitted billing records to the court detailing the number of hours they worked or explaining the work they did, as promised. In the final judgment regarding the will contest, the court ordered that "the parties in this

4

action are to pay their own attorney's fees for the services rendered in this case."

At both parties' request, the trial court issued findings of fact and conclusions of law on September 30, 2019. Regarding attorney's fees, the court concluded that:

> There was insufficient evidence to find the reasonable and necessary attorneys' fees attributable to the Contestant, Katie Green Sampson, and Contestant did not segregate fees between the Gift Deed issues and the Will Contest issues. The Court finds that an award of attorneys' fees against the Plaintiff, Brenda Sampson, would not be equitable or just.

Sampson appeals the denial of her request for attorney's fees.

## II.   STANDARD OF REVIEW AND APPLICABLE LAW

### A.   The Uniform Declaratory Judgment Act

Sampson requests attorney's fees under the Uniform Declaratory Judgment Act (UDJA), which provides that, "in any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. An award of attorneys' fees under the UDJA is permissive, not mandatory, and "[t]he trial judge has discretion to award or not award such fees." *Justice Bail Bonds v. Samaniego*, 68 S.W.3d 811, 815 (Tex. App.—El Paso 2001, pet. denied). We review a trial court's award of attorney's fees under an abuse of discretion standard. *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021). A court abuses its discretion if it rules without reference to guiding rules or principles. *Id.*

### B.   The Estates Code

Sampson also requests attorney's fees under her "will contest" cause of action. Section 352.052 of the Texas Estates Code sets forth the law regarding the award of attorney's fees:

5

(a)    A person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, who, for the purpose of having the will or alleged will admitted to probate, defends the will or alleged will or prosecutes any proceeding in good faith and with just cause, whether or not successful, shall be allowed out of the estate the executor's or administrator's necessary expenses and disbursements in those proceedings, including reasonable attorney's fees.

(b)    A person designated as a devisee in or beneficiary of a will or an alleged will who, for the purpose of having the will or alleged will admitted to probate, defends the will or alleged will or prosecutes any proceeding in good faith and with just cause, whether or not successful, may be allowed out of the estate the person's necessary expenses and disbursements in those proceedings, including reasonable attorney's fees.

TEX. EST. CODE ANN. § 352.052. In sum, the trial court *shall* award attorney's fees to executors, and *may* award attorney's fees to devisees or beneficiaries, attempting to admit to probate or defend a will. *See id.*

## C.    The Law on Attorney's Fees

"Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). To secure an award of attorney's fees, the prevailing party must prove that: "(1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019).

In Texas, "the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Id.* at 484. "Sufficient evidence includes, at a

6

minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 498. "This base lodestar figure should approximate the reasonable value of legal services provided in prosecuting or defending the prevailing party's claim through the litigation process." *Id.*

### III.    ANALYSIS

On appeal, Sampson contends that because the trial court ruled in her favor that Green validly revoked his will prior to his death, she is necessarily entitled to attorney's fees as the prevailing party under the UDJA. We disagree. Under the "American Rule," which Texas follows, attorney's fees cannot be awarded unless they are authorized by statute or contract. *See ½ Price Checks Cashed v. United Auto. Ins.*, 344 S.W.3d 378, 382 (Tex. 2011); *Riner v. Neumann,* 353 S.W.3d 312, 322 (Tex. App.—Dallas 2011, no pet.). The statute under which Sampson claims attorney's fees, the UDJA, is a permissive statute that does not mandate the award of attorney's fees to a prevailing party. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("The [UDJA] does not require an award of attorney fees to the prevailing party. Rather, it provides that the court 'may' award attorney fees. The statute thus affords the trial court a measure of discretion in deciding whether to award attorney fees or not."). The trial judge was therefore not required to order fees under the UDJA.

In the alternative, Sampson argues she is entitled to attorney's fees under the will contest. Section 352.052 provides that a trial court shall award reasonable attorney's fees

7

to a designated executor, and may award fees to a devisee or beneficiary of a will, "who, *for the purpose of having the will or alleged will admitted to probate, defends the will* or alleged will or prosecutes any proceeding in good faith and with just cause, whether or not successful . . . ." TEX. EST. CODE ANN. § 352.052 (a)–(b) (emphasis added). Here, Sampson is not attempting to have Green's will admitted into probate as an executor, devisee, or beneficiary, nor is she defending a will. She is, in fact, urging the opposite: her "will contest" action asks the court to uphold the revocation of Green's will. Her petition specifically stated that Green "legally revoked said instrument" and requested the court to find that he died intestate. Accordingly, the statute Sampson cites in support of her fee request is inapplicable to this case. *See id.*; *Zapalac v. Cain*, 39 S.W.3d 414, 419 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (noting that "a party who seeks *only* to contest a will may not obtain statutory reimbursement for attorney's fees . . . .").

Even if Sampson were entitled to attorney's fees, which she is not under these facts, she further argues that *Rohrmoos* is inapplicable to her because Raymond failed to object to Sampson's evidence of attorney's fees. *Rohrmoos*, 578 S.W.3d at 487. This is incorrect. Assuming Sampson was entitled to attorney's fees, she would still have to prove them. Here, Sampson's only evidence of attorney fees and costs is her attorneys' testimony concerning hourly rates, and this alone is insufficient to establish her entitlement to this award. *Rohrmoos* requires that "at a minimum," attorneys should provide evidence of "(1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person

8

performing such services." *Rohrmoos*, 578 S.W.3d at 498. Although the testimony proffered by Sampson's counsel provided evidence of their hourly rates of work, it did not offer specific information regarding the particular services performed, which attorney performed those services and when, and whether the time expended for each task was reasonable. *See id.*; *see also Barrera, Sanchez, & Associates, P.C. v. Rodriguez*, No. 13-19-00246-CV, 2020 WL 7251861, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 10, 2020, no pet.) (mem. op.) (holding the trial court did not abuse its discretion in reducing requested attorney's fees when appellant failed to provide sufficient evidence of when services were performed or what amount of time was required to perform the services in question).

While Sampson is correct in asserting that Texas law does not require itemized bills to be awarded attorney's fees, the bills can help establish the criteria set forth in *Rohrmoos*. The Texas Supreme Court has noted that evidence regarding attorney's fees, such as live attorney testimony or testimony via affidavit, must offer more than "generalities." *See Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). In *Long*, the high court noted the following:

> Here, as in *El Apple* and *Montano,* the affidavit supporting the request for attorney's fees only offers generalities. It indicates that one attorney spent 300 hours on the case, another expended 344.50 hours, and the attorneys' respective hourly rates. The affidavit posits that the case involved extensive discovery, several pretrial hearings, multiple summary judgment motions, and a four and one-half day trial, and that litigating the matter required understanding a related suit that settled after ten years of litigation. But no evidence accompanied the affidavit to inform the trial court the time spent on specific tasks. The affidavit does claim that 30% of the aggregate time was expended on the assignment claim (part of which the Griffins prevailed on) and that the assignment issue was inextricably intertwined with matters that consumed 95% of the two attorneys' time on the matter. But without

> any evidence of the time spent on specific tasks, the trial court had insufficient information to meaningfully review the fee request.

*Id.* (internal citations omitted); *see El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012) (concluding there was insufficient evidence of attorney's fees when "neither attorney indicated how the 890 hours they spent in the aggregate were devoted to any particular task or category of tasks" and "neither attorney presented time records or other documentary evidence"); *City of Laredo v. Montano*, 414 S.W.3d 731, 736–37 (Tex. 2013) (per curiam) (overturning an award of attorney's fees when the attorney testified to the hourly rate and time expended but not to the time devoted to specific legal work). Here, Sampson's attorneys gave similar, generalized testimony about their legal representation without specifics regarding the five *Rohrmoos* factors. *See Rohrmoos*, 578 S.W.3d at 498. We also note that, though both of Sampson's attorneys said they would tender an itemized bill, they did not do so.

In this contested case, the trial court ruled favorably for both parties: Sampson prevailed in the will action whereas Raymond prevailed in the matter regarding the gift deed.[2] Even assuming that Sampson was a "prevailing party" in this scenario, the UDJA does not require an award of attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Any award of attorney's fees under the UDJA is permissive and at the sole discretion of the trial court. *See id.*; *Bocquet*, 972 S.W.2d at 20; *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985) ("[T]he grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be

---

[2] Sampson claims there was no "'good cause' to not award [her] costs of court as the prevailing party." The fact that both parties won some relief explains the trial court's reasoning.

reversed on appeal absent a clear showing that it abused that discretion."). Further, the estates code statute Sampson cites in support of her alleged fees is not applicable to her case. *See* TEX. EST. CODE ANN. § 352.052.

These facts, combined with the fact that Sampson's evidence to establish attorneys' fees was insufficient under *Rohrmoos*, leads us to conclude that the trial court did not abuse its discretion when it ordered each party to pay their own attorney's fees. *Id.*; *Irwin*, 627 S.W.3d at 270. We overrule this issue.[3]

### IV.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
3rd day of February, 2022.

---

[3] As a related issue, Sampson also argued she was not required to segregate any fees or costs her attorneys performed on the will case, as opposed to the gift deed case, because Raymond again failed to object. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384 (Tex. 1997) (holding that the issue of segregation is waived if no objection is lodged). Because we have already concluded that Sampson was not entitled to attorney's fees in the first place, we need not address this issue. *See* TEX. R. APP. P. 47.1.